Staetter v. McArthur.

JOSEPH T. STAETTER, Respondent, v. PETER MCARTHUR, Appellant.

St. Louis Court of Appeals, December 11, 1888.

Damages: VICIOUS DOG. In an action for damages against the owner of a dog which had bitten plaintiff, where it was not shown that the animal had ever before bitten or threatened to bite any one, or even snapped at man or beast, and the current of the whole testimony was to the effect that the dog was of a kind disposition and not given to bite, either in malice or mischief, and had never before been complained of by any person, but was played with, harnessed, ridden and laid down on by children with perfect impunity, there was no case proper to be submitted to a jury, and the judgment ought to have been for the defendant.

*Appeal from the St. Louis City Circuit Court.*—HON.
GEORGE W. LUBKE, Judge.

REVERSED.

*Truman A. Post* and *Henry M. Post,* for the
appellant.

To entitle plaintiff to a verdict, the burden was
upon him to prove, from the evidence, that defendant's
dog had a propensity to bite mankind, and that, prior
to the injuries complained of, defendant had notice of
such fact. *Sarch v. Blackburn,* 4 Carr & P. 300;
*Hogan v. Sharpe,* 7 Carr & P. 755; *Spring Co. v.
Edgar,* 99 U. S. 654; *Worth v. Gilling,* 2 L. R. C. P.
3; *Keitling v. Eagan,* 65 Ill. 235; *Line v. Taylor,* 3
Fost. & Finl. 731; Shearm. and Redf. Negl. sec. 191;
*Beck v. Dyson,* 4 Campb. 199; *Mason v. Keeling,* 12
Mod. 332; *State v. Donahue,* 26 Am. Law Reg. [N. S.]
769; 37 Alb. L. J. 338. The testimony for plaintiff in
this regard must be that from which the jury has a right
to infer that the dog was vicious, and that defendant knew
his propensity. *Improvement Co. v. Munson,* 14 Wal.
[U. S.] 448; *Pleasants v. Fant,* 22 Wal. 122; *Comm'rs
v. Clark,* 94 U. S. 284; *Merchants' Bk. v. Bk.,* 10
Wal. 637; *Powell v. Railroad,* 76 Mo. 83–4; *Morgan
v. Durfee,* 69 Mo. 476; *Jackson v. Hardin,* 83 Mo. 186;
*Landis v. Hamilton,* 77 Mo. 562; *Nolan v. Shickle,* 3 Mo.
App. 308–10; *O'Donnell v. Railroad,* 7 Mo. App. 193;
*Jewell v. Parr,* 13 C. B. 913; *Toomey v. Railroad,* 3
C. B. [N. S.] 149–50. There was no testimony authoriz-
ing any such inference by the jury. And for that reason
the court erred in refusing defendant's motion for a non-
suit at the end of plaintiff's case, and after verdict, the
trial court should have set it aside. And its failure to
grant defendant's motion for new trial was manifest
error.

*August Rebenack*, for the respondent.

From the testimony it was proper to submit the case to the jury and the jury had the right to infer, and did infer, from the facts thus proven: (1) That the dog was vicious; (2) that the defendant knew its propensity; (3) that the defendant was negligent in suffering such a dog to run at large on his premises. *State v. McDermott*, 4 Cent. Rep. 559. The plaintiff's right to recover is not alone based upon the duty of defendant to restrain an animal known by him to possess the vicious propensity to bite, but also on the duty of the defendant to restrain it, if from its character or previous conduct a prudent man under the same circumstances would take such precaution. *Rumsey v. Nelson*, 2 N. E. Rep. 63. When circumstances clearly demand precautionary measures and an accident arises from an omission of them, this is want of ordinary care and amounts to negligence for which he is liable to the person sustaining an injury in consequence thereof. *Norris v. Kholer*, 41 N. Y. 42; *Siemers v. Eisen*, 54 Cal. 418; *Gray v. Railroad*, 65 N. Y. 561; *Tel. Co. v. Quinn*, 56 Ill. 319.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff, who was driver of a grocery delivery-wagon, entered the defendant's yard for the purpose of delivering some groceries which the defendant had ordered. While depositing them on a table standing on the rear porch, he was bitten in the knee by the defendant's setter dog, who was running at large on the premises. None of the inmates of the house were on the premises at the time. The plaintiff thereupon brought this action against the owner and keeper of the dog, and upon trial before a jury recovered a verdict for fifty dollars, which, taking plaintiff's injuries into consideration, was moderate. The defendant's main complaint on

this appeal is that the court refused his instruction in the nature of a demurrer to the evidence.

The foundation of this action is negligence. Whatever our individual views may be as to the principles which should govern the owner's liability, who keeps a dog running at large on his premises in a populous city, the law is too well settled to admit of any dispute. In order to make the owner of an animal *mansuete naturae* responsible for injuries inflicted by such animal, evidence of the prior mischievous disposition of the animal, and of the owner's previous knowledge of such disposition, are essential.

Judge Selden in the leading case of *Earl v. Van Alstine*, 8 Barb. 630, thus formulates the rule: "1. That one who owns or keeps an animal of any kind becomes liable for any injuries the animal may do only on the ground of some actual or presumed negligence. 2. That it is essential to the proof of negligence, and sufficient evidence thereof, that the owner be shown to have had notice of the propensity of the animal to do mischief. 3. That proof that the animal is of a savage and ferocious nature is equivalent to proof of express notice."

"The formula," says C. J. Redfield, in *Godeau v. Blood*, 52 Vt. 254, "used in the text-books and in the forms given for pleadings in such cases, *accustomed to bite*, does not mean that the keeper of a ferocious dog is exempt from all duty of restraint until the dog has effectually mangled or killed one person. But as he is held to be a man of common vigilance and care, if he had good reason to believe, from his knowledge of the ferocious nature and propensity of the dog, that there was ground to apprehend that he would under some circumstances bite a person, then the duty of restraint attached, and to omit it was negligence." This language, however, was used in reference to a dog who had previously bitten a horse without provocation twice

in the breast, who in numerous instances had attacked other dogs without any provocation whatever, and who, in the language of one of the witnesses, was the "most ferocious kind of a dog."

We are inclined to go further even than Judge Redfield, and to hold with some authorities that proof of the mischievous character of an animal, and previous knowledge thereof by the owner or keeper is sufficient to sustain a recovery, even though the animal was neither malicious nor ferocious. *Oakes v. Spaulding*, 40 Vt. 347 ; *Evans v. McDermott*, 4 Cent. Rep. 559. It is immaterial to the victim whether the dog bit him in play or in malice.

But conceding all this, and giving the plaintiff the benefit of the most advanced law on this subject, we still fail to see any elements in this case which warranted its submission to the jury. The dog was a setter, and there was no proof in this case that dogs of that breed are either vicious, ferocious or given to bite in mischief. If any presumptions are admissible without evidence the presumption would be to the contrary. It is not shown that the dog had ever bitten or threatened to bite any one, or ever snapped at man or beast prior to the accident. The only witness for plaintiff who testified touching the character of the dog was one of defendant's neighbors, who saw the dog every other day for two years or more, and he says that on two occasions when strangers were attempting to enter the yard he saw the dog make a rush toward them and growl. He never saw him bite or attempt to bite any one, and even of these isolated instances, insufficient as they were, no knowledge was brought home to the owner.

Nor is there anything in defendant's evidence to help out the plaintiff's case. On the contrary, that evidence is overwhelming that the dog was of a kind disposition and not given to bite either in malice or in mischief. The defendant himself testified that he

owned the dog for seven years, and never knew him to be vicious or bite, or attempt to bite any one, and that no one ever complained to him of the dog prior to this accident. The testimony of the former owner, who had raised the dog from a pup, was to the same effect. Such was the evidence of parties who hunted with the dog. Policemen on the beat, who knew the dog for years, and saw him almost daily, never heard any complaint of him. Children played with him, harnessed him, rode him, and laid down on him with perfect impunity. In fact, if a recovery can be predicated on the evidence in this case, then it is sufficient in every instance to warrant a recovery to show that the plaintiff was bitten and that the defendant was the owner or keeper of the dog. Such is not the law.

Judgment reversed. All the judges concur.