It cannot be said that the evidence first came to the knowledge of defendant since the trial. Knowing the witness possessed knowledge of material facts, the failure of defendant to introduce him, which, obviously was prompted by the fear that his testimony might be favorable to the opposite party was an exercise of defendant's own judgment for which he alone is responsible. The witness had the right to refuse to state before the trial what his testimony would be and his refusal cannot be used directly or indirectly as ground for a new trial.

And, further, it was proper to overrule the motion under the sixth subdivision of the rule stated. Defendant did not produce the affidavit of the witness, nor did he attempt to account for its absence.

The judgment is affirmed. All concur.

IDA M. MERRITT, Appellant, v. W. R. MATCHETT, Respondent.

Kansas City Court of Appeals, February 1, 1909.

1. NEGLIGENCE: Vicious Dog: Owner: Principal and Agent. A person having actual or constructive knowledge of the vicious habits of a dog who harbors him is liable for his vicious acts; and the ownership of the animal is immaterial, as is also the question of whether the party is the owner or the agent of the owner of the business and building about which he permits the dog to stay, since the master's right does not justify the servant's negligence.

2. ————: ————: Character of Attack. Whether a dog's attack was the result of his viciousness or his mischievousness is immaterial where his attacks terrify and menace human safety.

3. ————: ————: Scienter: Evidence. Proof of the habitual acts of ferociousness is proof of a ferocious nature and proof that the animal has such nature is equivalent to proof of express notice thereof; but the plaintiff must show that the injury was the direct result of the vice of the animal of which the owner had notice.

4. ———: ———: Instruction: Definition. An instruction defined a vicious propensity as such a propensity that the dog might injure the safety of a person without being provoked so to do. *Held* a proper definition.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman*, Judge.

REVERSED AND REMANDED (*with directions*).

*W. K. Amick* for appellant.

(1) The court sustained the motion for new trial on the sole ground that errror was committed in giving plaintiff's instruction number four. There is no error in this instruction. It correctly states the law. Dickson v. McCoy, 39 N. Y. 400; Brown v. Green, 42 Atl. 991. (2) By a vicious propensity, is included a propensity to do any act that might endanger the safety and property of others in a given situation. Dickson v. McCoy, 39 N. Y. 403; Brown v. Green, 42 Atl. 993.

*Oscar D. McDaniel* for respondent.

(1) The burden of showing error in granting a new trial is on the party appealing from the order granting it. Hewitt v. Steel, 118 Mo. 463; Tapana v. Shaffray, 97 Mo. App. 337. (2) One who owns or keeps an animal of any kind becomes liable for any injuries that it may do only on the ground of some actual or presumed negligence. Staetter v. McArthur, 33 Mo. App. 221; Earl v. Van Alstine, 8 Barb. 630; Godeau v. Blood, 52 Vt. 254; Reynolds v. Hussey, 64 N. H. 64; Keighlinger v. Egan, 65 Ill. 235. (3) He must not wait until the dog bites somebody before taking notice of the dog's conduct, where it has been such as to warn the man of ordinary prudence that the dog is ferocious or vicious in disposition. O'Niel v. Blase,

135 App—12

94 Mo. App. 667; Rider v. White, 65 N. Y. 54; Mann v. Weiland, 81–12 Pa. St. 243; Robinson v. Marino, 3 Wash. 434; Kennett v. Engle, 105 Mich. 693. (4) The owner is not liable for permitting his domestic animal to run at large when he has no reason to apprehend that any injury will result therefrom. Dickson v. McCoy, 39 N. Y. 403; Kries v. Railway, 130 Mo. 533. (5) The court erred in refusing defendant's instruction "A" because there was no proof that the dog had a vicious propensity and no proof of scienter. Friedman v. McGowan, 42 Atl. 723; Brown v. Green, 42 Atl. 991; Twigg v. Ryland, 62 Md. 380; Corliss v. Smith, 53 Vt. 532; Reynolds v. Hussey, 64 N. H. 64; Bell v. Leslie, 24 Mo. App. 668.

JOHNSON, J.—Plaintiff, a married woman, was attacked and injured by a large dog, which she claims was owned or harbored by defendant, and brought this suit to recover the damages sustained. She alleges that the animal "was of a mischievous and vicious propensity and was in the habit of attacking persons and other animals without cause or provocation," and that defendant had knowledge of such propensity. The answer is a general denial and a plea of contributory negligence.

The verdict of the jury was for plaintiff in the sum of $1,500 but it was set aside on the hearing of the motion for a new trial on the ground of "error in plaintiff's fourth instruction." Plaintiff appealed and argues that the instructions correctly declare the law of the case. Defendant contends, first, that the case should not have been submitted to the jury and, second, that the court was right in granting a new trial on the ground stated in the order.

Defendant conducted a grocery store in St. Joseph. The evidence of plaintiff is to the effect that he owned the store while defendant testified that his wife was the owner and employed him as manager of the

business. Before the injury, defendant had harbored a large brindle dog at the store. It is a fair inference from some of the evidence that defendant owned the dog, but he and his witnesses say that the animal was the property of a young man employed by defendant as the driver of a delivery wagon. Generally, the dog stayed in the store at night, and in the daytime was in the habit of following the delivery wagon. There is evidence in the record that tends to convict him of possessing a vicious, or, at least, a mischievous disposition. Not only was he prone to attack dogs and other domestic animals without provocation, but on some of his excursions with the delivery wagon, he rushed at people as though he intended to do them bodily harm. There is no proof that he ever bit a person, but he is depicted in the evidence of plaintiff as being a canine bully that delighted in terrifying people and animals with ferocious demonstrations. On August 10, 1907, plaintiff, then in a pregnant condition, was sitting on the front porch of her residence when the delivery wagon passed along the street. The dog was following the wagon and, when opposite the premises of plaintiff, suddenly and without provocation, charged at her. He jumped the front fence, rushed up on the porch and jumped at plaintiff in a ferocious and terrifying manner. Plaintiff, greatly excited, managed to push him away with her arms. He fell, striking his breast on the edge of the porch, got up, ran over to an adjoining house, snapped at a woman standing on the porch of that house, and then suddenly turned and ran after the wagon. Plaintiff was so shocked by terror that she fell ill, suffered a miscarriage and, at the time of the trial, had not recovered fully from the evil effects of the attack. The above statement of facts is collected from the evidence of plaintiff and is contradicted by the testimony of defendant and his witnesses. They describe the dog as being possessed of a peaceable disposition

and say that he never assailed human beings or domestic animals in any way without provocation. The driver of the wagon, who claimed to be the owner of the animal, testified that a dog owned by plaintiff's neighbor attacked his dog in the street. In the course of the fight that ensued, the brindle dog prevailed and chased the other into the latter's yard, where the fight was resumed. At this juncture, the woman who owned the defeated dog appeared with a gun and shot at the brindle dog. Of course she did not hit him, but she did scare him away, and he ran across plaintiff's front yard to overtake the wagon, without even noticing plaintiff. Among the instructions given at the request of plaintiff, are the following:

(1). "If the jury believe from the evidence that prior to the 15th day of August, 1907, that defendant either owned, kept or harbored a dog of vicious propensities that was diposed to bite or attack or injure a person, and if you believe that the defendant knew, or by the exercise of ordinary care could have known, of the vicious propensity of such dog, prior to August, 1907, and if you believe that the defendant did own, keep or harbor such a dog, and that on or about the 15th day of August, 1907, the dog so owned, kept or harbored by the defendant without provocation, did attack the plaintiff upon her own premises, and if you believe at said time plaintiff was in a pregnant condition, and if you believe that said dog in attacking the plaintiff, so alarmed and frightened her that a miscarriage was thereby prematurely brought on and that plaintiff was thereby injured and damaged and lost her child, then the jury should find their verdict for the plaintiff."

(2). "The jury are instructed that in order to find for the plaintiff under plaintiff's instruction number 1, it is not necessary for the jury to believe that defendant was the actual owner of the dog in question, but if the jury believe from the evidence that defendant

knowingly kept or harbored or permitted his servant to keep or harbor the dog about his premises as a watch dog, in his store and knowingly permitted the dog to go with his team and servant and be in charge of said servant while delivering goods in the conduct of his business, then it makes no difference in this case whether the defendant was the owner of the dog or not."

(4). "The jury are instructed that what is meant by the term 'a vicious propensity' in an animal, is such a propensity that the dog might attack or injure the safety of persons without being provoked so to do."

First, we shall dispose of the questions presented by defendant's demurrer to the evidence. Applying the rule that requires courts in deciding questions of law thus raised to adopt as proved the version of the facts most favorable to the cause of action pleaded, we shall assume that for a long time before the injury, defendant had harbored the dog at his store and had sanctioned the practice of the driver in taking the dog with him on his rounds over the public thoroughfares of the city, that the dog had acquired the habit of rushing at people with real or simulated ferocity and without provocation, and that plaintiff sustained physical injury in consequence of such an attack upon her. We do not think the question of who owned the dog is of vital importance. If, with knowledge, either actual or constructive, of the fact that the dog had a vicious or mischievous propensity that made it dangerous to the safety of people to permit him to run at large, defendant harbored him at his store and thus afforded him a base of operations as well as a place of refuge, such conduct of defendant can be regarded in no other light than as negligence and its character is nowise affected by the fact that defendant did not own the dog. He was in control of the place and had no right to suffer it to be used as a refuge for a dangerous ani-

mal. In harboring an animal of that character, the duty devolved on him so to restrain it as to render it harmless to people on the streets or on their own premises, and a breach of that duty would constitute negligence which should be deemed the proximate cause of a resultant injury. There is no merit in the argument of defendant that he cannot be said to have harbored the dog since the store did not belong to him but to his wife. According to his own testimony, he was the manager of the business, in full charge and control of the store. He does not claim that his employer ordered him to harbor the dog, and if she had, he would not be excused from answering in damages for the consequences to another of his own negligence. His master's orders would not justify him in being negligent. In assuming control over the dog, he owed a duty to others as well as to his master and should be held personally responsible for a breach of that duty.

We cannot agree with defendant that the evidence fails to show that the injury to plaintiff was caused by a vicious propensity of the dog. It may be true that the dog was not savage nor ill natured and would not attack a human being in malice nor for the purpose of doing him actual bodily harm. That is not the decisive question. Whether savage or merely playful, if he had acquired the habit of assailing people with the appearance of ferocity and viciousness and subjecting them to great fear of bodily injury, such mischievousness made him a menace to human safety, and imposed on defendant the duty of restraining him from running at large where he would be likely to encounter and terrify women and children. It matters little to a person whether the dog that bites him is in fun or in earnest, and we apprehend it would afford plaintiff small consolation were we to tell her that she should be resigned to her afflictions since the dog did

not intend to abite, but only to scare her. [Dickson v. McCoy, 39 N. Y. 400.]

Finally, defendant argues that the evidence fails to show that he had any notice before the injury of the existence of a vicious or mischievous propensity in the animal to attack human beings. Dogs are not classed as *ferae naturae*, and though one attacks a person, no presumption should be indulged from that fact that the attack was the result of a vicious propensity nor that its owner or keeper should have anticipated the occurrence. The burden is on the plaintiff to prove that her injury was the direct result of a vice of the animal of which defendant had notice. As we have intimated, the gravamen of her action is negligence, *i. e.*, that the dog, by natural impulse, was likely to attack her without provocation, and that defendant knew or should have known of that propensity, and negligently failed to restrain him. But we are convinced that defendant would have us lay too onerous a burden on the shoulders of plaintiff. She is not required to prove actual notice to defendant of the dog's evil tendency. By showing, as she did, that the dog, on a number of earlier occasions attacked people without provocation, she proved that the attack in question was the result of a fixed habit or propensity. In accepting plaintiff's evidence, the jury were entitled to infer that defendant, who had harbored the dog a long time, knew of its vicious or mischievous habits and propensities. "Proof that the animal is of a savage or ferocious nature is equivalent to proof of express notice." [Staetter v. McArthur, 33 Mo. App. 218.] And proof of habitual acts of ferocity or mischief is proof of a ferocious or mischievous nature.

We conclude that no error was committed in overruling the demurrer to the evidence. In addition to the authorities cited, others in point are as follows: Brown v. Green, 42 Atl. 993; Freedman v. McGowan, 42 Atl. 723; Twigg v. Ryland, 62 Md. 380;

Corliss v. Smith, 53 Vt. 532; Reynolds v. Hussey, 64 N. H. 64.

Turning now to the fourth instruction given at the request of plaintiff, we find ourselves unable to agree with the conclusion of the learned trial judge that it contains prejudicial error. We concede that good dogs have been known to attack human beings without provocation and that defendant should not be held liable if the dog of previously good character went wrong on this one occasion; but we think it a strained interpretation of the instruction to say that it authorized the jury to find against the defendant on such state of facts. A "vicious propensity" is not confined to a disposition on the part of the dog to attack every person he might meet, but includes as well, a natural fierceness or disposition to mischief as might occasionally lead him to attack human beings without provocation. Unquestionably, such was the meaning intended to be expressed and the term was properly defined. This construction is in accord with the recent definition of the auxiliary verb "may" given by the Supreme Court, where it was held that the word may be used to imply a "reasonable certainty" or "reasonable probability." [Reynolds v. Transit Co., 189 Mo. 408.]

It follows that the court was wrong in granting a new trial. Accordingly, the judgment is reversed and the cause remanded with directions to enter judgment for plaintiff on the verdict. All concur.