ANNA V. CHARLTON, Respondent, v. ROBERT J. JACKSON et al., Appellants.

St. Louis Court of Appeals, June 2, 1914.

1. ACTION: Joint Tortfeasors: Joint or Several Action. One who has suffered an injury as a result of the separate negligent acts of several persons, which concur and co-operate to produce it, may maintain an action against one or all such persons, at his election.

2. PARENT AND CHILD: Torts of Child: Liability of Parent. Although the common law rule is, that a parent is not liable

for the torts of his child, committed without his knowledge or consent, participation or sanction, and not in the course of his employment of the child, he is nevertheless liable for damages resulting from his negligence in permitting the child to use a dangerous weapon.

3. **MARRIED WOMEN: Liability for Torts.** Although a married woman is not liable for a tortious act committed in the presence of her husband, or jointly with him, she is liable for torts committed by her when not in his presence or under his influence.

4. **PARENT AND CHILD: Torts of Child: Liability of Parents.** Defendants, father and mother of a thirteen-year-old boy, having knowledge that he was reckless and without ordinary discretion, permitted him to have a shot-gun. On a previous occasion, he had pointed the gun at plaintiff, and plaintiff had reprimanded him for so doing, of which facts defendants had knowledge. During the absence of the boy's father, and while plaintiff was visiting in defendants' house, the boy entered the house and deliberately fired the gun at and wounded plaintiff. *Held,* that the father, having knowledge that the boy was indiscreet and reckless and had been handling the gun in such a negligent manner as to endanger the safety of others, was negligent in permitting him to use the gun, and that the mother also was negligent in permitting him to use the gun during the father's absence; the fact that she was a married woman not preventing a recovery from her, in view of the fact that her negligent omission of duty occurred during the absence, and not under the influence, of her husband.

5. ——: ——: **Injury to Uninvited Guest.** A person who went to a house to make a social call as an uninvited guest was entitled to recover against her hosts for their negligence in permitting their child of tender years to have a shot gun, with which he shot and injured her, for even though she were a trespasser at the time, the parents owed her the duty to exercise ordinary care to protect her from injury from the gun in the hands of their minor child.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

Affirmed.

*Glendy B. Arnold* for appellants.

(1) The undisputed evidence shows that plaintiff was a bare licensee in the home of the defendants. The rule is well settled that the owner of premises owes to a licensee no duty as to the condition of such

premises unless imposed by statute, save that he should
not knowingly let him run upon a hidden peril or wan-
tonly or wilfully cause him harm.  The licensee enters
upon the premises at his own risk and enjoys the li-
cense subject to its concomitant perils.  29 Cyc., 449;
Barry v. Cemetery Assn., 106 Mo. App. 358; Glaser
v. Rothschild, 221 Mo. 180; Butler v. Railroad, 155
Mo. App. 287; Menteer v. Scalzo Fruit Co., 240 Mo.
177; Ward v. Kellog, 64 Mo. App. 61.   (2)  It is not
actionable negligence for the father to keep a shotgun
in his home within easy access of his minor children.
Such fact was certainly not a violation of any duty to
plaintiff.  O'Brien v. Loomis, 43 Mo. App. 29; Hagerty
v. Powers, 66 Cal. 368; Swanson v. Crowdell, 2 Pa.
Super. Ct. 85; Locker v. Ewald, 11 Ohio, S. & C. P.
Dec. 337; Mamberg v. Bartos, 83 Ill. App. 481.   (3)
Parents are not liable for the independent torts of
their minor children committed while not acting as
their agents or servants and in which the parents do
not participate as joint tortfeasors.  Needles v. Burke,
81 Mo. 569; Baker v. Haldeman, 24 Mo. 219; Paul v.
Hemmell, 43 Mo. 119; S. v. Saling, 21 Mo. 387; Dud-
ley v. Maxwell, 131 Mo. App. 676; O'Brien v. Loomis,
43 Mo. App. 29; Broadstreet v. Hall, 10 L. R. A. (N.
S.) 933; Hagerty v. Powers, 66 Cal. 368.   (4)  When
the father and mother live together the father is the
"natural guardian" of their minor children, and as
such has the "care of their persons" and regulates
and controls their moral conduct, and the mother has
no legal authority over the children. She is entitled only
to reverence and respect.  R. S. 1909, sec. 403; 1 Black-
stone Com., 453; Commonwealth v. Murray, 4 Binn.
487.   (5)  The wife is not liable for the husband's torts
when he is not acting as her agent, and she is not liable
for her own torts committed by her at the command
and direction of her husband—he alone is liable.  Dud-
ley v. Houston, 58 Mo. 361; Flesch v. Lindsay, 115 Mo.

1; Bishop on Married Women, sec. 43; 2 Kent's Com., 149; 1 Blackstone Com., 453.

*Campbell Cummings, George P. Burleigh* and *Dwight D. Currie* for respondent.

(1) Robert J. Jackson and Laura Jackson, husband and wife, and parents of their co-appellant, Kenneth Jackson, are liable to the respondent for the reason that at the time of the injury to the respondent, and previous thereto, they had the control and custody of their minor son, Kenneth Jackson, and, although knowing his disposition and his predilection to the negligent handling of firearms, they permitted him to own, handle and use a deadly weapon, with which he injured respondent. Dixon v. Bell, 1 Starkie, 287, 5 Maule and S. 198; Johnson v. Glidden, 11 S. D. 237; Meers v. McDowell, 110 Ky. 926, 62 S. W. 1013-1014; Hoverson v. Noker, 60 Wis. 511; Phillips v. Barnett, 2 City Court Rep. (N. Y.) 20; Binford v. Earhart, 70 Iowa 285; Carter v. Town, 98 Miss. 567; Palm v. Iverson, 117 Ill. App. 535; 21 Am. and Eng. Ency. of Law (2 Ed.), 1057-1058; 29 Cyc. 1666. (2) Where the father and mother are living together they are jointly entitled to the custody of their children and either parent has a right to discipline their child and to enforce parental authority. 29 Cyc. 1585; Rowe v. Rugg, 117 Iowa 606; 29 Cyc. 1588. (3) All three of the appellants are jointly liable because their negligent acts combined so as to ultimately result in the injury to the respondent. The father's negligence consisted in allowing the boy to have possession of the gun while under his parental control, which control continued at all times, and the mother's negligence also consisted in permitting the boy to have possession of the gun and to continue to have possession of and access to it after he was left in her personal charge and control during the father's absence, during all of which time both father and

mother knew of the boy's reckless disposition and immature years. This negligence of father and mother, combined with the boy's reckless handling of the loaded gun, completes the chain of negligent acts which resulted in the injury to the respondent, and each party who commits an act which goes to make up a series of acts resulting in injury to a third party is liable for such injury. Consolidated Ice Machine Co. v. Keiffer, 134 Ill. 481; Ferry Co. v. Nolan, 135 Ind. 60; Osage City v. Larkin, 10 Am. St. 186; Flaherty v. Railroad, 12 Am. St. 654; Cuddy v. Horn, 46 Mich. 596; Slater v. Mersereau, 64 N. Y. 138; Village of Carterville v. Cook, 129 Ill. 152; Railroad v. Shapleigh, 105 Ill. 364; 21 Am. and Eng. Ency. Law, pp. 496-7; Colgrove v. Railroad, 20 N. Y. 492; Barrett v. Railroad, 45 N. Y. 628; Schneider v. Railroad, 59 N. Y. Sup. Ct. 543; Compton v. Erie Bros., 124 N. C. 591; Shelton v. Railroad Co. & Tel. & Tel. Co., 89 Tenn., 423; Tel. & Tel. Co., v. Crank, 27 S. W. 38; Barnes v. Masterson, 39 App. Div. 612; Joseph v. Electric Co. & Tel. Co., 104 La. 634; Horning v. Tel. Co., 95 N. Y. Supp. 625; Railroad v. Conery, 61 Ark. 381; Nagel v. Railroad, 75 Mo. 653; Bragg v. Railroad, 192 Mo. 231; Harrison v. Electric Light Co., 195 Mo. 606; Weathers v. Railroad, 111 Me. App. 315. (4) The question of whether the respondent was an invited guest, licensee of a trespasser at the time at which she received her injuries does not enter into the case. Appellant's cases in regard to defect in or dangerous condition of the premises are not in point. The injury was not caused by any defect in the premises. Moreover, even in the cases of dangerous premises or vicious animals, a duty is owing to licensees and even trespassers not to knowingly permit them to run upon a hidden peril. It was the duty of the appellants to keep a gun out of the hands of their son, who was of immature years and of a reckless and negligent disposition, and this duty they owed even to trespassers who were on the premises with

their knowledge.     29 Cyc. 4430; Herrick v. Nickson, 121 Mich. 284.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of the alleged joint and concurring negligence of the three defendants. Plaintiff recovered and defendants prosecute the appeal.

Plaintiff received her injuries through being shot in the right side, by means of a shotgun in the hands of defendant Kenneth Jackson, a minor, thirteen years of age. Kenneth Jackson is a defendant here, and the other two defendants are Robert J. Jackson, his father, and Laura Jackson, his mother.

It appears plaintiff resided adjoining and as immediate neighbor to the Jackson home. Friendly relations existed between the two families, and plaintiff was in the home of the Jacksons as a caller—that is, not an expressly invited guest, but to pay a social visit —at the time she was shot. Plaintiff, together with Mrs. Jackson and another lady, was in the dining room of the Jackson home when Kenneth Jackson entered with a shotgun and deliberately leveled and fired it at plaintiff. There is no suggestion in the case that plaintiff was intentionally or wantonly shot by defendant Kenneth Jackson, but the case proceeds on the grounds of negligence alone.

The petition avers, and the evidence tends to prove, that Kenneth Jackson was a reckless, indiscreet boy of thirteen years of age, wholly unfit to possess and control such a dangerous instrumentality as a shotgun. Notwithstanding this, Kenneth was permitted to own and control the gun, in that a neighbor had given it to him not long before, and his two codefendants—that is, his parents—permitted him and even his younger brother, to handle and use it. The negligence averred in the petition and relied upon throughout the case is the separate but concurring acts of the three defendants. The petition proceeds on the

theory that as the father, Robert J. Jackson, is vested by law with the legal custody and control of the minor, he was derelict in permitting the boy to keep such a dangerous weapon, and that such control and custody devolved upon the mother, Laura Jackson, a few days theretofore because the father was absent from home, and she, too, was therefore likewise negligent. It appears the father was not at home at the time plaintiff was shot by the son and had not been at home for several days, being away on business. In this view, the petition charges defendant Robert J. Jackson was negligent in that he permitted his minor son to own and control a shotgun when he knew the boy was reck-- less and careless and highly indiscreet, and that defendant Laura Jackson, the mother, on whom the duty of control devolved in the absence of the father, was negligent, too, in permitting the son so known by her to be reckless, careless and indiscreet, to possess and control the gun in the absence of the father.

The evidence tends to prove all of the averments of the petition and the jury so found the fact to be by awarding a verdict against the three defendants.

There can be no doubt that one who has suffered an injury as a result of the separate negligent acts of several defendants which concur and co-operate together to produce it, may maintain his action against one or all of the defendants as he chooses. The proposition is not even a debatable one.    [See Miller v. United Rys. Co., 155 Mo. App. 528, 134 S. W. 1045.]

It is a rule of the common law that a parent is not liable in damages for the torts of his children committed without his knowledge, consent, participation or sanction and not in the course of his employment of the child.    [See Schouler Dom. Rel., sec. 263; Paul v. Hummel, 43 Mo. 119.]    But though such be true, a parent may be required to respond, as for a breach of duty touching his control of the minor child toward the safety of others, in respect of the use of deadly

and dangerous weapons. Here, the evidence is that the minor son was a reckless, careless boy, possessed of high animal spirits, and without ordinary discretion. But a few days before, he pointed the gun at this plaintiff in the presence of his father, while plaintiff was upon her porch on the adjoining premises, and plaintiff remonstrated with him for so doing. It appears defendants knew this and that they permitted both Kenneth and a younger brother to carry the gun about and use it. No one can doubt that if the father knows his indiscreet minor son of tender years is using a fire arm in such careless and negligent manner as to endanger the safety of others about him, it is his duty to interpose the parental authority to prevent injury to such persons as may within the range of reasonable probability be exposed to injury therefrom. Especially is this true if it appears as here that such minor son is not only of tender years, but indiscreet and reckless as well thereabout. The principle of liability of the father in such circumstances for the tort of the son on the grounds of negligence against both has frequently been declared by the courts, and the rule of law is well established. [See Johnson v. Glidden, 11 S. Dak. 237; Meers v. McDowell, 110 Ky. 926; Palm v. Ivorson, 117 Ill. App. 535; Carter v. Towns, 98 Mass. 567; Phillips v. Barnett, 2 New York City Rep. 20; see also 21 Am. & Eng. Ency. Law (2 Ed.), 1058; 29 Cyc. 1666; Hoverson v. Noker, 60 Wis. 511.] So, too, Lord ELLENBOROUGH, in the case of Dixon v. Bell, 1 Starkie's Rep. 287 and 5 Maule & Selwyn's Rep. 198, applied the principle to a case where the master entrusted a dangerous instrument, such as a gun, to an indiscreet servant through whose careless conduct therewith another was injured by the firing of it.

But it is said, though such be the rule of liability against the father on the grounds of negligence, the mother should be exculpated from fault, because, first, she may not control the child, in that the law vests

authority with respect to that matter in the husband, and, second, a married woman is not responsible for her torts while acting for the husband. It is no doubt true the authority of control over the minor is vested by the law in the father, but, obviously, in his absence such authority is devolved upon the mother as well, and in exercising it she is not acting for the husband as his agent, but rather in accordance with the precepts of humanity, and as the mother of the offspring. If, through her negligence in such circumstances, another is injured, the fault lies with her for such neglect of duty as intervened during the absence of the husband, and this is true irrespective of the refinements of the law involved in the marital relation touching the care and control of the child as between husband and wife. Although it be true that, because the wife is presumed to be under duress of her husband, she is not liable to respond for her tortious act done in his presence or jointly with him, as declared in Dailey v. Houston, 58 Mo. 361, it is equally true that a married woman is liable to an action for her torts, such as the negligent omission of duty on her part, whereby another is injured, which negligent tort is not committed in the presence or under the supposed influence of the husband but proceeds from a remission of care chargeable to her alone. [See Merrill v. City of St. Louis, 83 Mo. 244.] The distinction is more recently pointed out in Flesh v. Lindsay, 115 Mo. 1, 16, 21 S. W. 907. It is in the latter view the case proceeds here against defendant Laura Jackson, for she is found to have been negligent with respect to her duty during the several days of the absence of her husband and immediately preceding the firing of the shot by the son in her presence.

But it is argued neither defendant Robert J. nor Laura Jackson owed plaintiff any duty to exercise ordinary care for her safety while in their home, for she came there as an uninvited guest, or a mere caller to

pay a social visit to her neighbors, the Jacksons. It is said in such circumstances plaintiff is a mere licensee and in going upon the premises of the licensor assumes the risk of defects and pitfalls therein. Such is, no doubt, true with respect to the matter of pitfalls and defects in the premises of another, which are visited by a licensee; but no such question is made in the case. Although plaintiff were a trespasser at the time, defendants owed the duty of ordinary care to protect her from injury by the careless handling of such a dangerous weapon as a shotgun in the hands of their minor son, as is declared by the Supreme Court of Michigan, where another was injured through the explosion of a huge firecracker. [See Herrick v. Wixom, 121 Mich. 384.]

The instructions given presented the issues to the jury properly and what has been said sufficiently disposes of the several arguments advanced for a reversal.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.