GRACE CARROW by her next friend, JOSEPH CAR-
ROW, Respondent, v. WILLIAM and ELIZABETH
HANEY, Appellants.

St. Louis Court of Appeals. Opinion Filed January 6, 1920.

1. ANIMALS: Dogs: Vicious Dogs: First Bite: Notice to Owner of
Vicious Propensities: Liability. While a dog is entitled to his first
bite, provided he conceals his intention and makes no manifesta-
tion of his purpose in such a manner as to impart notice to his
owner or keeper, yet if the dog's vicious propensities be shown or
his inclinations to want to bite be manifested, then he is not per-
mitted to carry out his designs before being recognized as a
dangerous, vicious, or ferocious animal.

2. ———: ———: ———: Owner's Knowledge of Viciousness of Dog.
In an action for damages for injuries caused by the bite of a
dog, evidence *held* sufficient to show that the dog was not only a
vicious and dangerous dog, but this fact was well known to
defendants.

3. ———: ———: ———: ———: Liable to One Bitten by Dog on
Premises Whether Invited or Not. After proof of the vicious
propensity of a dog, and the knowledge of that fact by its owners
or keepers, they would be liable in damages for the injuries in-
flicted upon the plaintiff, whether they had invited the plain-
tiff upon the premises or plaintiff had gone there of her own
volition, so long as she was lawfully there.

4. ———: ———: ———. ———: Not Required to Prove Consent of
Owner to be on premises. In an action for damages for injuries
caused by the bite of a dog, though it was alleged that defendants
were negligent in owning and keeping the dog on their premises,
in permitting it to run about the premises untied and unguarded,
and in inviting and requesting plaintiff to enter upon said prem-
ises knowing that persons were likely to be attacked by said dog,
etc., plaintiff was not required to prove that she was on defend-
ants' premises with their consent or permission; it not being
necessary that plaintiff prove each and every allegation of neg-
ligence in the petition in order to entitle her to recover.

5. ———: ———: ———: Instructions: Instruction Requiring Find-
ing of Consent to Be Upon Premises of Dog Owner Erroneous. In
an action for damages for injuries caused by the bite of a dog,
an instruction that told the jury they must find that the plaintiff
was upon defendants' premises with their consent or permission
before plaintiff can recover, *held* erroneous.

6. **HUSBAND AND WIFE**: Negligence: Vicious Dogs: Absence of Husband: **Liability of Wife Permitting Vicious Dog to Run Loose.** If a married woman invited plaintiff on premises where her husband kept a vicious dog, or, if she had not invited her and she was lawfully upon the premises or had gone there for a lawful purpose, and the wife, in the absence of the husband, had permitted the dog to run loose on the premises unguarded, when she knew that persons were likely to be lawfully upon the said premises, then her acts of negligence in so doing would concur with the negligent acts of the husband in keeping the dog and producing the injury, and render her liable for an injury inflicted by the dog.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Rhodes E. Cave,* Judge.

AFFIRMED.

*Kinealy & Kinealy* for appellants.

(1) If plaintiff failed to make out a case entitling her to recover then it was error for the court to sustain her motion for new trial regardless of whether the court did or did not commit error in the matter of the instruction. Thompson v. Paving Co., 199 Mo. App. 356; Johnson Grain Co. v. Railroad, 177 Mo. App. 194. (2) The verdict as to Mrs. Haney was clearly right because: (a) The husband being the head of the family is entitled to control in such matters of domestic policy as permitting a dog to be kept around the home, and for that the wife is not liable. 21 Cyc. 1147, tit. Husb. & Wife; Messenger v. Messenger, 56 Mo. 329; Daily v. Houston, 58 Mo. 361; State v. Napper, 141 Mo. 401; Charlton v. Jackson, 183 Mo. App. 613; McKay v. McKay, 192 Mo. App. 221; Burch v. Lowary, 131 Iowa, 719; Strouse v. Leipf, 101 Ala. 433. (b) Assuming that the dog in question was one which was likely to attack persons there was no evidence of knowledge of such fact on Mrs. Haney's part. Merritt v. Matchett, 135 Mo. App. 176. (3) No case was made against Mr. Haney because there was no evidence that the dog was vicious in the sense of likely to attack persons. The evidence must show the particular pro-

pensity complained of. Merritt v. Matchett, 135 Mo. App. 176; Lyman v. Dale, 262 Mo. 353. (4) The petition states a cause of action for negligence and the instructions properly followed the petition and put the case to the jury on that theory. Instructions must conform to the pleadings as well as the evidence. State ex rel. v. Ellison, 270 Mo. 645; Scrivner v. Railroad, 260 Mo. 421; Degonia v. Railroad, 224 Mo. 564. (5) The foundation of plaintiff's action is negligence. Staetter v. McArthur, 33 Mo. App. 218; Lyman v. Dale, 156 Mo. App. 427; Lyman v. Dale, 262 Mo. 353. (6) Under the petition in this case the Court could not have instructed the jury on the theory of willful injury or nuisance as they are inconsistent with the theory of negligence. Raming v. Met. St. Ry., 157 Mo. 477; Smith v. Dold Packing Co., 82 Mo. App. 1; Ellis v. Railroad, 63 Mo. 131. A landowner owes no duty to a trespasser to keep his premises in any condition of safety. Straub v. Soderer, 53 Mo. 38; Schmidt v. Kan. Cy. D. Co., 90 Mo. 284; Kelly v. Benas, 217 Mo. 1.

*Turner & London* for respondent.

(1) After knowledge of a dog's vicious propensities, the negligence of the keeper is not in the manner of keeping it, but in keeping it at all. Speckman v. Kreig, 79 Mo. App. 376; Conway v. Grant, 88 Ga. 40; 2 Cooley on Torts, (3 Ed.) page 700; Woolf v. Chalker, 31 Conn. 121; 2 Wood on Nuisances, sec. 769. (2) The plaintiff makes a question for the jury if any one of the three following for negligence are shown, to wit: "1. Owning and keeping on their premises a vicious, dangerous and ferocious dog known to them to be such. 2. In permitting the said dog to run about the premises untied and unguarded, when they knew or should have known that persons were likely to lawfully come upon the said premises for divers purposes and did so come upon the premises. 3. In inviting and requesting the plaintiff to enter upon said premises when they knew or should have

known that the plaintiff was likely to be attacked by the said dog." Speckman v. Krieg, 79 Mo. App. 376. Actual ownership of the dog not necessary. Merritt v. Matchett, 135 Mo. App. 176. (4) Consent or permission is not a prerequisite to a recovery. Speckman v. Kreig, 79 Mo. App. 376; Conway v. Grant, 88 Ga. 40; 2 Cooley on Torts, page 700. (5) The husband and wife are both liable where their separate acts of negligence concur to produce the injury and the husband is not present when the injury occurs. Charlton v. Jackson, 183 Mo. App. 613; Miller v. United Rys. Co., 155 Mo. App. 528.

NIPPER, C.—This is an action for damages. At the trial in the circuit court, the jury returned a verdict for the defendants. Plaintiff filed a motion for new trial, which was sustained. From this order granting a new trial, defendants perfected their appeal to this court.

The petition alleges that defendants, husband and wife, were the owners and in possession of a certain dog, which they kept on their premises in the City of St. Louis, Missouri; that that dog was vicious, danger- ous and ferocious, and known to the defendants to be such; that the plaintiff was requested by defendants to go upon their premises for the purpose of receiving cer- tain money due plaintiff from defendants; that the dog was running loose in the yard of defendants at the time, and that she was attacked by said dog and both of her legs severely bitten; that her injuries were the result of the negligence and carelessness of the defendants in owning and keeping the dog on their premises; and per- mitting the dog to run about the premises, untied and unguarded, when they knew, or should have known, that persons were likely to lawfully come upon the premises; and inviting and requesting the plaintiff to enter upon said premises, when they knew, or should have known, that such persons were likely to be attacked by said dog. The answer admitted defendants to be husband and wife, and denied each and every other allegation.

The evidence offered on the part of the plaintiff, was to the effect that the plaintiff, herself, was a little girl seven years old at the time she was bitten by this dog, on the premises of Mr. Haney, one of the defendants, at 2103 Bremen Avenue, in the City of St. Louis, Missouri; that she had gone to the home of Mr. Haney to collect some money for a ticket for a church entertainment: that she went to this home a few days prior to the date she was bitten by the dog, and gave a ticket to Mrs. Haney, and that Mrs. Haney told her to come back on Monday at dinner time, and that she would give her the money for the ticket, as she did not have the change at that time; that she went back on Monday at twelve o'clock, and went upon the premises in the same way she did on Saturday; that she went in at a lattice gate, which was unlatched, and called Mrs. Haney. Mrs. Haney was down in the cellar helping a lady wash. The dog was on the back porch and came running out and bit the little girl upon the legs, in and about the knees, inflicting the injuries for which damages are claimed; that there was a sign up, "Beware of the dog," but that the little girl could not read, and that this sign had been there for many years; that she was in bed about two weeks, and out of school for a month. The dog was not tied at the time he attacked the child. Mrs. Haney came out, picked up the child, and called to its mother who lived only a short distance away, who came over and took her home.

Joseph Carrow, the father of the plaintiff, testified that when he returned home at night on the day the girl was injured, he went over to the home of Mr. Haney and asked him if that was a vicious dog; that Mr. Haney replied, "Yes, I know he is but I am keeping any damned dog I want on my premises;" that about six months prior to this date, on the occasion of a trip to these premises, the defendant Haney, had told him to be careful of this dog; that it was a vicious dog.

Mrs. Carrow testified that after her child was bitten by this dog, she went to Mrs. Haney and asked her if she would not be kind enough to kill the dog, and if she

knew it was a bad dog; to which Mrs. Haney replied yes, but that was the reason she had the sign on the gate. The testimony further tended to show that this animal was a brown, brindle bulldog.

The testimony on the part of the defendants was that the dog was kept in the back yard, within an enclosure separate from the yard proper; that the dog was four or five years old, and that the dog was kept as a pet; that he had never bitten anybody, or tried to bite anybody; that the sign reading, "Beware of the dog," had been there for seventeen or eighteen years, and was put there as a bluff to keep out peddlers and tramps. Both Mr. and Mrs. Haney denied making any statement to either Mr. and Mrs. Carrow, with respect to the dog being a vicious dog. Mrs. Haney testified that she had told the little girl she could come back and get the money for the ticket, but not to come in that way but to come in the front door; that she told the little girl this because she was a stranger, and the dog was large, and if he ran against her, he might knock her down; that she didn't know whether he would bite her or not. Both Mrs. Haney and her daughter, Mrs. Hogan, testified that this dog was playful and possessed a very "sweet disposition."

After the verdict for the defendants, as before stated, the court granted a new trial on account of error in instructions. The instructions given at the request of defendants, were as follows:.

## I.

"The court instructs the jury that before the plaintiff can recover in this case she must prove to your reasonable satisfaction by a preponderance of the evidence:

"First: That prior to the biting complained of the dog in question was vicious dangerous or ferocious.

"Second: That prior to said biting the defendants knew, or by the exercise of ordinary care would have known, of such propensity of said dog; and

"Third: That plaintiff at the time she was bitten was in defendant's back yard with the consent or permission of defendants.

"If the plaintiff fails to prove any one of the foregoing, then your verdict must be for the defendants.

### III.

"The Court instructs the jury that if you find that the dog in question had never before bitten any person and had never made any attempt or shown any disposition so to do, then you cannot find that it was vicious, dangerous or ferocious and your verdict must be for the defendants.

### IV.

"The Court instructs the jury that if they believe from the evidence that two or three days before plaintiff was bitten by the dog in question she came into defendant's back yard and that Mrs. Haney then told plaintiff to go to the front door and ring the bell when she came back there, and that thereafter, without the knowledge or consent of defendants, the plaintiff went into said back yard and was there bitten by the dog, then plaintiff is not entitled to recover and your verdict must be for the defendants.

Appellants contend that the plaintiff made out no case against them, and was not entitled to recover, whether the instructions were correct or incorrect; that the verdict was correct as to Mrs. Haney, and that the instructions properly presented the case to the jury for their consideration, contending further that the dog was not shown to have been vicious, or to have manifested any vicious propensities of which the keepers had knowledge, prior to the biting of the plaintiff.

As stated heretofore, the petition, after setting out the allegations as to the vicious character of the dog, and stating that plaintiff had been invited upon the premises, sets out the negligence complained of:

First: Negligence in owning and keeping on their premises, a vicious, dangerous and ferocious dog, known to them to be such;

Second: In permitting the dog to run about the premises, untied and unguarded, when they knew, or should have known, that persons were likely to lawfully come upon said premises;

Third: In inviting and requesting the plaintiff to enter upon said premises, when they knew, or should have known, that she was likely to be attacked by the dog.

Under instruction No. 1, the plaintiff was required to prove all these separate and distinct acts of negligence, before a verdict could be rendered for plaintiff. Appellants contend this instruction was correct.

We shall rule against appellants' contention that there was not sufficient evidence upon which to submit this case to the jury. The authorities cited by them do not support their contention or theory of the case. It is true, as stated in Lyman v. Dale, 262 Mo. 353, loc. cit. 365, 171 S. W. 352, the law allows the dog his first bite, or every dog is entitled to at least one worry. The dog is entitled to his first bite, provided he conceals his intention and makes no manifestation of his purpose, in such a manner as to impart notice to his owner or keeper, but if the dog's vicious propensities be shown, or his inclinations to want to bite be manifested, then he is not permitted to carry out his designs before being recognized as a dangerous, vicious or ferocious animal.

In this case, if the plaintiff's testimony is true, this dog was not only a vicious and dangerous dog, but this fact was well known to the defendants.

After *scienter*, the owner or keeper is chargeable and responsible for any damages it may do to any person who, without essential fault, is injured by it. Therefore, after proof of the vicious propensity of the dog in question, and the knowledge of that fact by its owners or keepers, they would be liable in damages for the injuries inflicted upon the plaintiff, whether they had invited

plaintiff upon the premises, or plaintiff had gone there of her own volition.

Defendants deny any knowledge of the vicious char-- acter of the dog, and offer considerable testimony as to its sweet and amiable disposition, which testimony is entitled to receive just and fair consideration by the jury, under proper instructions. However, the instruc- tion above referred to, wherein the jury are told they must find that the plaintiff was upon defendants' prem- ises with their consent or permission before plaintiff can recover, was erroneous. It is not necessary that plaintiff prove each and every allegation of negligence in the petition, in order to entitle her to recover.

If this was a vicious dog, and this fact was known by its owners or keepers, it makes no difference whether plaintiff was upon these premises by invitation or per- mission, so long as she was there for a lawful purpose. Under this instruction, plaintiff may have shown that the dog was vicious and dangerous, and that defendants knew it, and yet plaintiff could not have recovered un- less the jury found that she was upon these premises by consent or permission of defendants. The errors pointed out in this instruction will show of course, the incorrect- ness of instruction No. 4. We think the action of the trial court, in sustaining the motion for new trial, was entirely proper, and the soundness of this reasoning is supported by the law as announced in Staetter v. Mc- Arthur, 33 Mo. App. 218; Speckman v. Kreig, 79 Mo. App. 376; Merritt v. Matchett, 135 Mo. App. 176, 115 S. W. 1066; Lyman v. Dale, supra, 262 Mo. 353.

Appellants' next contention is, that Mrs. Haney would in no sense be liable, but we cannot uphold this contention. The husband William Haney, was away from home at the time the plaintiff was attacked by the dog. It is admitted that plaintiff was invited upon these premises by Mrs. Haney. Plaintiff came in compliance with that invitation, and at the time suggested by Mrs. Haney. If she was lawfully upon these premises and Mrs. Haney had invited her, or, if she had not invited

her and she was lawfully upon the premises or had gone there for a lawful purpose, and the wife, in the absence of the husband, had permitted the dog to run loose upon the premises, unguarded, when she knew that persons were likely to lawfully come upon said premises, then her acts of negligence in so doing, would concur with the negligent acts of the husband in keeping the dog and producing the injury; and, as stated in Charlton v. Jackson, 183 Mo. App. 613, l. c. 621, 167 S. W. 670:

"If, through her negligence in such circumstances, another is injured, the fault lies with her for such neglect of duty as intervened during the absence of the husband." [Charlton v. Jackson, supra, 183 Mo. App. 613, 167 S. W. 670; Merrill v. City of St. Louis, 83 Mo. 244; Flesh v. Lindsay, 115 Mo. 1, loc. cit. 16, 21 S. W. 907.]

Therefore the Commissioner recommends that the action of the trial court in granting plaintiff a new trial, be affirmed.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed.

*Reynolds, P. J., Allen* and *Becker, JJ.,* concur.