**Daniel M. LAVIN, et al.,
Plaintiffs/Respondents,**

v.

**John CARROLL, Defendant/Appellant.**

No. 63693.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 8, 1994.

Lawrence F. Hartstein, St. Louis, for defendant-appellant.

James F. Koester, St. Louis, for plaintiffs-respondents.

GRIMM, Presiding Judge.

Daniel Lavin (child) brought suit against owner John Carroll for injuries inflicted when his dog bit child. The jury's verdict was in favor of child, and the trial court entered judgment accordingly. Owner appeals; we affirm.

Owner raises three points. He alleges the trial court erred in: (1) submitting child's verdict directing instruction because it "failed to address" certain issues, (2) failing to order remittitur or a new trial, and (3) permitting child to reopen his case to introduce medical records and in allowing the jury to view these records.

## I. Background

We review the evidence in the light most favorable to the verdict. On June 28, 1990, owner and his wife were inside their home as one or more of owner's stepchildren played in his backyard kiddie pool. Also, owner's dog was in the backyard. Without owner's permission, one of his stepchildren invited child, child's sister, and a neighbor's grandchild into the backyard to swim.

Child's sister and neighbor's grandchild climbed over the fence and entered the pool. Then, child climbed over the fence and was attacked by owner's dog before reaching the pool. The dog bit and shook child until owner and his wife brought the dog under control with a pinch collar. Child suffered cuts and bruises on his face, back, leg, and hip.

Before the attack on child, the dog had attacked or bitten several other people. Owner's neighbor, John Creamer, testified that the dog attacked him about two years earlier on his porch and bit him on the right hip. A "matter of weeks" before child was bitten, the dog bit another neighbor, Mr. Vitale. Also, the dog bit a meter reader from the utility company. Owner testified that he was aware of all three incidents.

## II. Jury Instruction

■ For his first point, owner alleges the trial court erred in submitting child's verdict directing instruction to the jury because it "failed to address the factual issues as to [child's] status on [owner's] premises at the time of the injury, and [owner's] duty to restrain his dog, in that said instruction assumes or ignores controverted facts."[1]

We first consider owner's contention that there was a genuine question of fact as to whether child was lawfully on owner's premises. He argues that there was conflicting evidence as to which, if any, of owner's stepchildren invited child into the backyard. Also, he argues that even if either of the stepchildren invited child over, they lacked the capacity to bestow the status of social guest or invitee upon child.

Owner's argument misses the mark. Whether a child is invited onto the owner's premises is irrelevant. *Carrow v. Haney*, 203 Mo.App. 485, 219 S.W. 710, 712 (E.D. 1920). The only relevant inquiry is whether the child was on the premises for a lawful purpose. *Id.; see also Clinkenbeard v. Reinert*, 284 Mo. 569, 225 S.W. 667, 668 (banc 1920).

In *Carrow*, the jury instruction given included the element, "[t]hat plaintiff at the time she was bitten was in defendant's back yard with the consent or permission of defendants." *Carrow*, 219 S.W. at 711. The court held that the inclusion of this element was erroneous; a new trial was required. *Id.* at 712.

The court stated, "If this was a vicious dog, and this fact was known by its owners or keepers, *it makes no difference whether*

---

1. There is not an applicable MAI instruction.

*plaintiff was upon these premises by invitation or permission, so long as she was there for a lawful purpose."* *Id.* (emphasis added). After proof of a dog's vicious propensity and the owner's knowledge of that fact, the owner of the dog "would be liable in damages for the injuries inflicted upon the plaintiff, whether they had invited plaintiff upon the premises, or plaintiff had gone there of her own volition." *Id.*

Here, owner does not contend, nor have we found any evidence that could support a finding that child was on owner's premises for an unlawful purpose. Thus, owner's first contention is denied.

■ Second, owner contends that the instruction should have included a determination as to whether owner properly restrained the dog. However, there are only two requirements for establishing a submissible case of strict liability for a dog with vicious propensities. *Crimmins v. Mirley,* 675 S.W.2d 663, 664 (Mo.App.E.D.1984); *see also Duren v. Kunkel,* 814 S.W.2d 935, 936–37 (Mo. banc 1991). The plaintiff must establish: (1) the dog has vicious propensities, and (2) knowledge by the owner of the dog's vicious propensities. *Crimmins,* 675 S.W.2d at 664.

"If actual or constructive knowledge is shown, the rule is one of strict liability, not requiring fault by the owner." *Duren,* 814 S.W.2d at 937. Whether owner used reasonable care in restraining the dog is not an element of strict liability.[2] Thus, it should not be submitted to the jury. Point denied.

## III. Remittitur

■ For his second point, owner alleges that "the trial court erred in overruling [his] motion for a new trial and/or request for remittitur because [child] failed to present sufficient evidence upon which the jury could make an informed determination as to the amount of [child's] damages and that said verdict was induced by the court's erroneous instruction."

■ The trial court has the discretion to order a remittitur if "after reviewing the evidence in support of the jury's verdict, the court finds that the jury's verdict is excessive because the amount of the verdict exceeds fair and reasonable compensation for plaintiff's injuries and damages." § 537.068, RSMo Cum.Supp.1993; *see also Lester v. Sayles,* 850 S.W.2d 858, 871 (Mo. banc 1993). We review the trial court's failure to order remittitur solely for an abuse of discretion. *Lester,* 850 S.W.2d at 871.

Here, the jury awarded child $80,000. The evidence adduced relative to child's injuries and damages included a neighbor's testimony. Neighbor said that the dog came towards him with the child's leg in its mouth, and that "blood was squirting" from child's leg.

Further, child's mother testified regarding child's injuries. Shortly after the attack, mother saw child. At that time, she saw that: (1) "his whole leg was opened up," (2) there was a large hole in the top part of his right leg with other bites on the front and back of his leg, (3) his face and back were bruised, and (4) he had a puncture in his hip. She also testified that, at the time of trial, child had scars in the same general areas previously mentioned. One scar itches, and sometimes it bleeds when he scratches it.

Also, a plastic surgeon saw child the day following the attack. The surgeon noted: (1) multiple lacerations of the right thigh, (2) a very small laceration on the right flank, and (3) multiple bruises of the back and face. He observed that a penrose drain was present, and the wounds had been sutured and dressed; child was on antibiotics. The surgeon saw child on several follow-up visits.

On October 11, 1991, surgeon again saw child. At that time, the surgeon noted that child "has three scars of significant size." The surgeon advised child's mother that revision of the scars was possible, "particularly in the area that required placement of a drain due to infection previously." The surgeon believed there would be continued improvement, "although certainly permanent

2. The gist of an action for injuries caused by a dog with vicious propensities, after an owner has acquired knowledge of these propensities "is not negligence in the manner of keeping the dog, but is for keeping it at all." *Clinkenbeard v. Reinert,* 284 Mo. 569, 225 S.W. 667, 668 (banc 1920).

scars will result in the area as a result of the [child's] injury."

Given these extensive injuries, we do not believe the verdict exceeded fair and reasonable compensation. The trial court did not abuse its discretion in denying owner's motion for remittitur. For the same reasons, the verdict was not so excessive that the trial court erred in not granting a new trial. In addition, owner contends "that it could certainly be argued that the verdict was induced by the erroneous instructions as argued hereinabove." Owner's instruction argument was previously considered and denied. Point denied.

### IV. Medical Records

■ For his third point, owner contends that the trial court erred in granting child leave to re-open his case in order to receive into evidence a transcript of child's medical records after the case had already been submitted to the jury.

During child's case in chief, the medical records were read to the jury; however, they were not received as an exhibit. After the jury began deliberations, the jury requested these records. The trial court allowed child to re-open his case and introduce the records into evidence in order to send the exhibit to the jury.

■ The trial court's decision to allow a party to re-open his case is within the sound discretion of the trial court and will be reversed only upon a clear showing of an abuse of discretion. *Carrel v. Carrel*, 791 S.W.2d 831, 835 (Mo.App.W.D.1990). The medical records were read to the jury during the trial. Thus, we find no abuse of discretion in the trial court's decision to allow child to re-open its case to admit the medical records as an exhibit.

■ We next consider whether there was error in allowing the jury to view the exhibit. It is within the sound discretion of the trial court to allow a jury to view exhibits. *Hofstatter v. Johnson*, 208 S.W.2d 924, 926 (Mo. App.E.D.1948). Only when there has been an abuse of this discretion will this court intervene. As decided above, the medical records were properly in evidence as an ex-

hibit. The records could have been of assistance to the jury in understanding the nature and extent of child's injuries. Therefore, the trial court did not abuse its discretion by allowing the jury to view the records. Point denied.

The trial court's judgment is affirmed.

CARL R. GAERTNER and AHRENS, JJ., concur.