### ANNA E. AGNEW vs. JAMES H. MERRITT et al.

The obligation not to give time to the principal depends upon a knowledge of the real character in which the surety entered into the contract. If, therefore, the fact of the suretyship does not appear on the face of the contract, the surety will not be discharged from liability in consequence of a variation of the contract, if at the time of the act complained of the creditor had not notice that the relation of suretyship existed; and such notice is not presumed in favor of the surety, but must be proven.

The complaint in this action states substantially that on and prior to the 13th day of September, 1855, the plaintiff owned and was seized in fee of certain real estate in Dakota County, and still owns and holds the fee thereof; that Edward C. Agnew, the husband of plaintiff, on or about said 13th September, negotiated a loan of $600 of one Ira Bidwell, *for his individual use and benefit;* that the joint promissory note of said plaintiff and said Edward C. Agnew was given to said Bidwell for the said sum of $600, payable two years from date with interest, &c.; that the

plaintiff and said Edward C. Agnew, to secure the payment of said note, duly executed to said Bidwell a mortgage upon said real estate, which was duly recorded, &c. ; that on or about the 4th of May, 1858, the said Bidwell assigned and transferred said note and mortgage to the defendants, and the assignment was duly recorded; that after said transfer and assignment, *and without the knowledge or consent of plaintiff*, the said Edward C. and the defendants, computed the amount due on said note, which with other sums then loaned to said Edward C., amounted to the sum of $1,100, and that in pursuance of an agreement with said Edward C., the defendants took four certain promissory notes made by said Edward C. and one Dixon, amounting to the sum of $1,100, dated May 4, 1858, payable eleven months from date with interest, &c. ; that a portion of said $1,100 was the same indebtedness secured by the note and mortgage executed by plaintiff and said Edward C. ; that to secure the payment of said four notes, said Dixon at the request of said Edward C., executed a mortgage to said defendants upon certain of his real estate in Dakota County which was duly recorded, &c.; that on or about the 22d of August, 1859, said defendants foreclosed the mortgage of the 13th September, 1855, and bid off the premises therein mentioned for the sum of $1,000, and the proper evidence of such foreclosure has been duly recorded in said county, and is a cloud upon plaintiff's title ; that the defendants have possession of said real estate, and claim an estate therein in fee simple, under said mortgage and foreclosure and sale. Plaintiff prays judgment that said mortgage of her said estate be ordered to be satisfied of record, and that said foreclosure and sale be set aside, and that she be restored to her full and former estate in and possession of said lands. Several issues of fact were raised by the answer. The cause was tried before the District Court of Ramsey County without a jury. The Court in its decision found the facts, so far as they are pertinent to the points decided by this Court, substantially as alleged in the complaint, and dismissed the action. The plaintiff excepted to the decision of said Court, and appeals to this Court.

vol. x.—40

A. R. CAPEHART for Appellant.

A *feme covert* being incapable at common law of making contracts, and merely enabled by statute to convey and encumber her real estate by joining in a deed with her husband, appellant's signature to the promissory note imparted no personal liability, nor authorized the inference that the debt was hers; but on the contrary the legal presumption is that the debt was her husband's. 12 *How. Pr.*, 17; *Id.*, 333; *Id.*, 501.

II.—The debt being the husband's, and the property pledged for its payment, the wife's, the relation thus established is that of suretyship, and whatever is sufficient to discharge a personal surety, will release appellant's property from the lien of the mortgage. 1 *Maddock's Ch.*, 585; 2 *Story's Eq.*, *Sec.* 1373; 11 *Wend.*, 318; 3 *Minn.*, 202; 18 *N. Y. Ct. Appeals*, 265; 22 *Id.*, 450.

III.—Appellant, being a *feme covert*, was as much incapable of making a contract with respondents, or with her husband, to extend the time of payment of the debt, as she was incapable of making any other contract. 1 *Blacks.*, 442, 445; 2 *Story's Eq.*, *Sec.* 1367.

IV.—The extension of the time of payment by an agreement between the principal and creditor, supported by a good and sufficient consideration, without the knowledge or consent of the surety, discharges his liability. 2 *Am. Lead. Cases, pages* 232 *to* 327; 5 *Hill*, 463; 3 *Denio*, 512.

V.—The transaction between Agnew and respondents extended the time of payment of a debt then overdue eleven months, and was supported by a good and sufficient consideration, so binding upon respondents that they could not sue Agnew on the old note, nor proceed to collect the debt in its new form until the expiration of said time, which transaction released the lien upon appellant's property. 25 *N. Y. Ct. Appeals*, 479.

VI.—The Judge after finding the above facts, finds as a conclusion of law that appellant's property is not released, because it did not appear that there was an express agreement to give time

Agnew vs. Merritt et al.

on the old note and mortgage.  The new notes and mortgage imported a contract in writing, which the law declares to be valid promises to pay the respective sums of money expressed upon their face, eleven months after date, and not before the expiration of that time.  Parol evidence is inadmissible to contradict·or vary ·such a contract.  5 *Minn.*, 310.

LORENZO ALLIS for Respondents.

Whether the debt was that of the husband exclusively, or was contracted for the benefit of the wife, in either case the property is bound by the mortgage duly executed and acknowledged by the husband and wife, to secure the debt.  *Story's Eq. Juris.*, sec. 1373; *Wolfe et ux. vs. Banning et al.*, 3 *Minn.*, 207; *Gahn vs. Niemcewicz*, 11 *Wend.*, 312.

There was no novation.  Nor was there any extension of time given for the payment of the first note and mortgage; nor any agreement to forbear suit upon or the collection of the first note and mortgage.  There is nothing alleged to show that the respondents put any restraint whatever upon themselves as to the first note and mortgage upon receiving the last notes and mortgage.  The interests or rights of the appellant were and could be in no way prejudiced or injuriously affected by this latter transaction.

In no case does the mere taking of additional security without any extension of time for the payment of the principal debt, or other agreement injuriously affecting the status of the parties liable on the original debt, discharge the sureties.  *Chitty on Contracts*, 468, *and authorities cited ; Story's Eq. Juris.*, *Sec.* 326; *Gahn vs. Niemcewicz's Ex.*, 11 *Wend.*, 320–3.

The complaint further shows that the first mortgage was duly foreclosed by the respondents, and the property duly purchased by them at the mortgage sale, and that the time for redemption had expired, and that the title of respondents to said premises under said foreclosure proceedings had been perfected before the commencement of this action.

*By the Court*—WILSON, C. J.—A wife mortgaging her separate property for the debt of her husband, is entitled to all the rights and remedies of a personal surety.

A contract, therefore, by the creditor with the principal debtor, (without her assent,) to extend the time of the payment of the money actually due, discharges her and releases her property from the lien of the mortgage.

Whether the facts proven in this case would constitute such a contract may admit of some doubt.

The execution by the principal debtor and the acceptance by the creditor of a note payable at a future day for and on account of the debt, would seem to be *prima facie* a contract to extend the time of payment. 2 *Am. Leading Cases,* 420, *and cases there cited.*

But as this case must be decided against the plaintiff on another ground, we do not deem it necessary here to decide this question.

The obligation not to give time to the principal depends upon a knowledge of the real character in which the surety entered into the contract.

If, therefore, the fact of the suretyship does not appear on the face of the contract, the surety will not be discharged from liability in consequence of a variation of the contract, if the creditor, at the time of the act complained of, had not notice that the relation of suretyship existed; and such notice is not presumed in favor of the surety, but must be proven. *Gahn vs. Niemcewicz,* 3 *Paige,* 650; 11 *Wend.,* 323; *Wilson vs. Foot,* 11 *Metcalf,* 285; 2 *Am. Lead. Cases,* 411, *and cases cited ;* 3 *Lead. Cases in Eq.,* 546, *and cases cited.*

In this case there is neither allegation nor proof of such notice on part of the defendants or their assignor.

The judgment of the Court below is affirmed.