## PRATT, Plaintiff in Error, v. CONWAY.

### Division Two, February 21, 1899.

1. **Mortgage**: ASSUMPTION BY GRANTEE: RECITAL IN DEED. When a grantee accepts a deed with a clause reciting that he assumes to pay a debt secured by a mortgage on the property so conveyed to him, he becomes directly liable to the holder and owner of the debt, and the relation of principal and surety thereafter exists between the mortgagee and mortgagor or original debtor.

2. ———: ———: NO RECITAL IN DEED: NO NOTICE: PLEADING. But where there is no recital in the deed of such assumption of the debt, and an extension of the note has been made by its holder without any knowledge or notice on his part that the grantee in the deed has agreed with the mortgagor to assume its payment, the mortgagor is not thereby discharged. And in order for the mortgagor to claim such discharge, he must have pleaded the assumption of the debt by the grantee, and that the extension of the time of payment was made by the mortgagee with knowledge of the agreement that the grantee had assumed its payment.

3. **Practice**: ADMISSIONS IN OPENING STATEMENTS. Where counsel in their opening statements state or admit facts the existence of which precludes a recovery by their clients, the court may close the case at once and give judgment against their clients. The court may also shape its instructions in accordance with such admissions or concessions.

4. ———: ———: OWNERSHIP OF NOTE. Where counsel for defendant admits in his opening statement that plaintiff is the owner of the note sued on, the defendant is bound by this admission. And in this case, it is held that the words used by defendant's counsel in his opening statement amounted to such admission.

*Transferred from Kansas City Court of Appeals.*

REVERSED AND REMANDED (*with directions*).

LATHROP, MORROW, FOX & MOORE for plaintiff in error.

(1) When mortgaged property is sold, the vendee assuming the incumbrance, the mortgagor's obligation as principal debtor can not be changed to that of a surety, without the consent of the mortgagee. Conn. Ins. Co. v. Mayer, 8 Mo. App. 18; Shepard v. May, 115 U. S. 505; Keller v. Ashford, 133 U. S. 625; Duckwall v. Kisner, 35 N. E. Rep. 697; Boardman v. Larrabee, 51 Conn. 39; Waters v. Hubbard, 44 Conn. 340; James v. Day, 37 Ia. 164; Union Stove Works v. Carswell, 16 L. R. A. 85; Crawford v. Edwards, 33 Mich. 354; Hayler v. Atwood, 26 N. J. Eq. 504. (2) Where there is no assumption of the mortgage debt in the deed, or other instrument of record, or where the mortgagee is not shown to have had actual or constructive knowledge of such assumption of the mortgage debt by the grantee, it can not be claimed that an extension of the debt by the mortgagee has the effect of releasing the mortgagor. Brandt on Suretyship and Guaranty, sec. 375; Gibson v. Ogden, 100 Ind. 25; Howel v. Manufactory Co., 31 Ga. 663; Thorp v. Parker, 86 Ind. 102; Lamson v. Bank, 82 Ind. 21; Karghn v. Fuller, 14 N. J. Eq. 419; Agnew v. Merrett, 10 Minn. 308; Harrison v Courtold, 3 Barn & Ad. 36; Wilson v. Foot, 11 Metc. 285. (3) Where counsel, in his opening statement, makes a direct statement of any fact, it is a binding admission and dispenses with proof of such fact. Taylor on Ev., sec. 783; Oscanyan v. Arms Co., 103 U. S. 261; Heamslops Co. v. Comm., 113 U. S. 37; Butler v. National Home, 144 U. S. 65; Rice on Ev., p. 128; Abbott's Trial Brief (civil), p. 40; Lindley v. Railroad, 47

Kan. 432. (4) Where a certain fact is impliedly conceded throughout the trial of a cause, by both parties, the existence of such fact will be assumed by the appellate court. Taylor on Ev., sec. 783; Walsh v. Railroad, 102 Mo. 588.

TEASDALE, INGRAHAM & COWHERD for defendant in error.

(1) When mortgaged property is sold, the vendee assuming the incumbrance, the mortgagor's obligation as principal debtor is, as between him and the vendee, changed to that of a surety; and when the mortgagee does any act by which the mortgagor is prevented from discharging the incumbrance, he, the mortgagee, releases the mortgagor from liability. Union Life Ins. Co. v. Hanford, 143 U. S. 189; Colgrove v. Tallman, 67 N. Y. 95; Wayman v. Jones, 58 Mo. App. 313. (2) An indorsement itself of a negotiable promissory note, unsupported by evidence *aliunde*, is not sufficient to show title in the indorsee. Bank v. Pennington, 42 Mo. App. 355; Reinhardt v. Dorsey Coal Co., 25 Mo. App. 350; Vastine v. Wilding, 45 Mo. 89; Bank v. Donnell, 35 Mo. 373. (3) The opening statement of counsel never dispenses with proof, unless made as a solemn admission of facts for the purpose of dispensing with proofs. 1 Greenl. on Ev. (14 Ed.), sec. 186; Russ v. Railroad, 112 Mo. App. 45. (4) A certified copy of a deed can not be used without proof that the original is lost or not within the power of the party wishing to use the same. R. S. 1889, sec. 4893.

GANTT, P. J.—This is an action on a promissory note for $1,000.

The cause has been certified to this court by the Kansas City Court of Appeals, because in the opinion of that court there is a conflict between its opinion and a prior decision of the St. Louis Court of Appeals.

. The action was against Thomas Conway and Bridget T. Conway, his wife. At the trial plaintiff dismissed as to Mrs. Conway.

Plaintiff recovered a verdict and judgment in the circuit court, but the court on a motion for a new trial set aside the verdict and granted a new trial, and this is assigned as error.

The facts are as follows:

In 1887 Thomas Conway was the owner of certain property in Kansas City, Missouri, and he together with his wife executed a deed of trust upon said property to secure the payment of the thousand dollar note in controversy. He afterwards made a written contract of sale of said prop-. . erty with one Coburn, the consideration being $15,000. A few days after the said contract was signed, the said Coburn,. in turn, effected a sale of the property to one W. B. Grimes, and the contract of sale was transferred to Mr. Grimes, and deed was made by Thomas Conway and wife to W. B. Grimes, in which no mention is made of the $1,000 note in controversy.·

It is claimed by the defendants that the contract of sale between defendant Conway and Mr. Coburn recited that the grantee assumed and agreed to pay the note in controversy. In the deed from Conway to Grimes the grantee did not ' assume the $1,000 note in controversy. The evidence tended to show, that while Mr. Grimes was the owner of the property in controversy, he secured an extension of the note herein sued on, by paying the holder of said note the sum of $20 commission.

There is no testimony in the case that the holder of the note at the time the extension was made, knew, or had reason to believe, that any person had assumed and agreed to pay the debt in controversy or that there was any person obligated to pay said debt other than the maker of the note, Mr. Conway. There is no allegation in the answer that the holder of the note, at the time the extension was made knew·

or had reason to believe that any one except Conway was liable upon the note in controversy. It was claimed at the trial that the maker of the note, Mr. Conway, was released by the extension of the note sued upon, made at the time when Grimes was the owner of the property. This proposition is denied by the plaintiff and the question before the court for determination is whether, under the pleadings in this case, and under the facts as developed at the trial the extension of the note, made while Grimes was the owner of the property, had the effect of releasing the defendant Conway from his liability thereon.

Plaintiff contends under the undisputed facts in the case there was no release of the defendant Conway and that he remains liable upon the note sued upon.

It was claimed by defendant that the plaintiff did not, at the trial, prove the ownership of the note to be in the plaintiff. Plaintiff insists that the ownership of the note by plaintiff was admitted by counsel for defendant and was a conceded fact throughout the trial.

I. The doctrine that when mortgaged property is sold and the vendee assumes the payment of the mortgaged debt, the mortgagor's obligation as principal debtor is as between him and such vendee, changed to that of surety, as asserted by defendant, is not controverted by plaintiff, but plaintiff vigorously attacks the position that the mortgagee is affected by such a change unless he consents to accept the vendee as his principal debtor.

The general rule of law is that a creditor can not be compelled to accept any other person as his debtor, than the one he chooses.

In Shepherd v. May, 115 U. S. 505, the Supreme Court of the United States held that where a vendee expressly promised to pay the mortgage debt that alone without the assent of the mortgagee did not change the mortgagor into

a surety merely. [Cucullu v. Hernandez, 103 U. S. 105;. Rey v. Simpson, 22 How. 341.]

That court reasserted this rule in Keller v. Ashford,. 133 U. S. loc. cit. 625, saying, "Such an agreement (sale of mortgaged premises and assumption of debt by vendee) does not, without the mortgagee's assent, put the grantee and the mortgagor in the relation of principal and surety towards the mortgagee, so that the latter by giving time to the grantee may discharge the mortgagor."

These decisions were subsequently explained in Life Insurance Co. v. Hanford, 143 U. S. 187, where it was said that it is the settled law of that court that the grantee is not directly liable to the mortgagee at law or in equity, and the mortgagee's only remedy was by bill in equity in the right of the mortgagor to avail himself of the security. It was further held that whether the remedy of the mortgagee against the grantee is at law and in his own right, or in equity in right of the mortgagor, must be determined by the law of the place where the suit is brought. And as it appeared in that case that by the law of Illinois, where that case originated, as in other States, the mortgagee might sue at law, the grantee who, by absolute conveyance, assumes. the mortgage debt, it was held that as soon as the mortgagee had notice of the agreement of the grantee, the grantee became directly and primarily liable to the mortgagee and the relation of grantor and grantee was not only changed as between themselves, but as to the mortgagee, and thenceforth that of principal and surety existed as to all three, and any subsequent agreement of the mortgagee with the vendee,. without the assent of the mortgagor, extending the time of payment, discharged the grantor. [Calvo v. Davies, 73 N. Y. 211; Bank v. Waterman, 134 Ill. 461.]

The law is settled in this court that when a grantee accepts a deed with a clause reciting that he assumes to pay a debt secured by mortgage on the property so conveyed.

to him, he becomes directly liable to the holder and owner of the debt and that the relation of principal and surety thereafter exists between the mortgagee and the mortgagor or original debtor. [Heim v. Vogel, 69 Mo. 529; Fitzgerald v. Barker, 70 Mo. 685; Fitzgerald v. Barker, 85 Mo. 13; Orrick v. Durham, 79 Mo. 174.]

Any valid agreement by the mortgagee, with notice of this assumption of the debt, with the grantee to extend the time of payment without consent of the mortgagor, discharged the latter. [Wayman v. Jones, 58 Mo. App. 313.]

So that the decisions of this court are entirely in harmony with the reasoning of the Supreme Court of the United States, it being conceded by that court, that if the law of the former permits a suit at law by the mortgagee against the grantee the consequence must follow that the relation becomes one of principal and surety.

But in all the cases heretofore decided by this court holding that the assumption of the debt by the vendee or grantee constituted him the principal debtor, and the mortgagor his surety, the assumption of the mortgage has been a clause in the recorded deed itself whereby notice of the change of liability was conveyed or the fact of notice was conceded. Now in this case, W. B. Grimes, the grantee, did not assume this note in suit in the deed which he received, and there is no evidence that the holder of this note had any knowledge of such assumption. As the assumption of the debt produced the change of relation between the maker of the note, and the grantee, to that of principal and surety, and as the deed contained no evidence of that assumption it would seem upon well settled principles, that notice must be brought home to the holder of the mortgage note before he can be charged with having violated the right of the maker of the note as a surety by extending the time of payment.

We hold that under the facts of this case it was essential that defendant should have pleaded the assumption of

the debt by Grimes, and that the extension was made with a knowledge of the fact of such suretyship on the part of the holder of the note, and the evidence should have sustained such a plea.    The authorities amply support this proposition. [Tharp v. Parker, 86 Ind. 102; Agnew v. Merritt, 10 Minn. 308; Roberts v. Bane, 32 Tex. 385; Kaighn v. Fuller, 14 N. J. Eq. 419.]

Brandt on Suretyship and Guaranty, sec. 375, tersely states the doctrine thus: "Where the fact of suretyship does not appear from the obligation, but the creditor, when he grants an extension of time to the principal, knows of such suretyship, the surety is discharged the same as if the fact of suretyship appeared from the obligation.    But if the fact of suretyship does not appear from the obligation, and the creditor does not know of it when he grants the extension, the surety is not thereby discharged."

II.    It is urged now by defendant that there was no proof that plaintiff was the owner of the note.    There was a written indorsement on the note:  "Pay O. W. Pratt or order without recourse.    Amelia Steen."   Counsel for defendant made a statement to the jury at the commencement of the trial.    Among other things he said to the jury:   "It is true that this action has been pending some time and at one time we did offer to pay this money to Mr. Pratt, he having acquired title apparently to this note, if he would assign it to us.    Of course the owner of this note has a right under the deed of trust to sell out this lot which secures the payment of the note, and we said to Mr. Pratt shortly after he brought this suit, 'assign that note to us, and we will raise the money; assign the note to us and we will sell out that property, Mr. Hyde's property.'   They said, 'No, we will not do that.'"   Now this was not a statement of what counsel expected to prove, but counsel assured the jury these were facts.

If they were, then there was an unequivocal admission that Pratt, the plaintiff, was the record owner of the

note sued on, or at least the note had been assigned to him for collection whereas Hyde was the real owner. If counsel is to be bound by these statements solemnly made in the presence of the court, jury and opposite counsel, his objection now to the failure of proof of right to sue must fall. He earnestly insists that he is not.

Courts are warranted in acting upon the admissions of counsel in the trial of a cause. They are officers of the court, and represent their clients, and their admissions thus made bind their principals.

It has been ruled again and again that where counsel in their opening statements state or admit facts the existence of which precludes a recovery by their clients, the courts may close the case at once, and give judgment against the clients. [Oscanyan v. Arms Co., 103 U. S. 261; Steamship Co. v. Emigration Commrs., 113 U. S. 37; Butler v. National Home, 144 U. S. 65; Abbott's Trial Brief (civil), p. 40; Rice on Ev., p. 128; Lindley v. Railroad, 47 Kan. 432.]

There is another view to take of this admission. Where a cause is so conducted that the court and counsel may rightly and do infer that certain facts are conceded or admitted, the court may so treat them for the purpose of the instructions.

A very extreme case is found in our own decisions, Walsh v. Railroad, 102 Mo. 588. We do not think it necessary to go as far as that decision goes, but it seems to us that taking these admissions of counsel and the evidence, it can be justly assumed that the legal title to this note was conceded to be in plaintiff and that fact can not now be controverted. A written indorsement to plaintiff was proved and the answer itself alleges a delivery to plaintiff. Pratt, the plaintiff, was a witness and no effort was made to prove by him that he was not the owner and no other evidence was offered to impeach his title to it. Russ v. Railroad, 112 Mo. 45, does not militate in the least against these views.

The proof of the loss of the original deed was sufficient to admit the certified copy and no error occurred in that respect.

Under this state of the pleadings and the evidence, the court instructed the jury to find for the plaintiff and the jury so found.

Afterwards the court granted a new trial but the record nowhere discloses the ground.

Having gone patiently through the whole record and found no error in the rulings of the court on the trial, we think it erred in granting a new trial and its judgment is reversed with directions to enter judgment on the verdict of the jury.

Sherwood and Burgess, JJ., concur.