**Kathy BUSH, a Minor, by her Next Friend Rosemarie Bush (Plaintiff) Appellant,**

v.

**Laverne ANDERSON (Defendant) Respondent.**

**No. 31007.**

St. Louis Court of Appeals.

Missouri.

Sept. 18, 1962.

Motion for Rehearing or for Transfer to Supreme Court Denied Oct. 15, 1962.

Librach, Heller, Byrne & Weber, William P. Byrne, St. Louis, for appellant.

Barnhart & Sommers, Don B. Sommers, St. Louis, for respondent.

SAMUEL E. SEMPLE, Special Commissioner.

This is a suit for damages for personal injuries sustained by plaintiff Kathy Bush, as a result of being bitten by a dog owned by defendant Laverne Anderson. A trial was had before a jury which resulted in a verdict and judgment for defendant, from which plaintiff has perfected an appeal to this Court.

A short summary of the evidence presented at the trial reveals that plaintiff, a child approximately three years old, attended a family picnic on July 26, 1960, in company with her mother Rosemarie Bush, defendant Laverne Anderson, Mrs. Cora Buss, Mrs. Gladys Koob, and seven other children, six of whom were the children of defendant. Mrs. Buss was the paternal grandmother of plaintiff, Mrs. Koob was a cousin of plaintiff's father, and defendant was the widowed aunt of plaintiff by marriage to plaintiff's deceased uncle.

Following the picnic the entire party drove to defendant's home. Defendant re-

leased her Dalmatian dog named Pierre from the basement of her home, and most of the children, including plaintiff, together with the dog went into a bedroom of defendant's home to watch television. Plaintiff was petting the dog when her cousin Mike Bush, a son of the defendant, called the dog to him. Kathy came over and stepped on the dog's foot, and the dog jumped up and bit her right ear, taking off part of the top of the ear. Plaintiff was taken to a hospital and required the services of a plastic surgeon to repair the ear. On one occasion several months prior to the incident involved here, defendant's daughter Susan Wood had stumbled over the dog while chasing a ball and the dog jumped up on her leaving a mark on her ear. Defendant put disinfectant on her daughter's ear and applied a Band-Aid. The evidence was conflicting as to whether the dog at that time bit Susan's ear or scratched it with one of his toenails.

Plaintiff's first contention of error is that the Court erred in overruling plaintiff's Motion for a Directed Verdict at the close of defendant's opening statement. Plaintiff argues that defendant's counsel in his opening statement admitted that defendant's dog had made a prior attack on defendant's daughter and further admitted that defendant's dog bit and injured plaintiff thereby confessing plaintiff's cause of action. The portions of the opening statement referred to were as follows:

"They talk about this vicious dog, but the evidence will show that the only other occasion that the dog has ever done any damage to any of the children was to Susie, the young girl sitting to the left (indicating). She was playing out in the alley, playing ball or something, and the dog jumped up and Susie was scratched behind the ear with his fingernail or toenail. Her mother put a Band-Aid on it and she went back out and played."

" * * * but the next thing she knew the kids were in the back room

with the dog, and Mike will tell you Kathy patted the dog and the dog walked over to Mike, and Mike was petting the dog, and Kathy followed the dog over and stepped on his foot, and that is when the dog nipped her on the ear. The dog reacted, as all dogs do, and nipped her on the ear; and she did, she sustained this injury to her ear, and was taken immediately to St. Anthony's Hospital where she was given this emergency treatment there."

The plaintiff cites the general rule laid down, in Pratt v. Conway, 148 Mo. 291, 49 S.W. 1028, 1. c. 1030, that where counsel, in their opening statements, state or admit facts the existence of which precludes a recovery by their client, the court may close the case at once, and give judgment against their client.

■ The primary purpose of an opening statement is to inform the judge and jury of the nature of the action and defense so as to enable them to understand the case and to appreciate the evidence as it is presented. Hays v. Missouri Pacific Railroad Co., Mo.Sup., 304 S.W.2d 800, 1. c. 804, 88 C.J.S. Trial § 161a, 1. c. 314. Although a court may take a case from the jury at the close of an opening statement by directing a verdict (Pratt v. Conway, supra), this action should only be taken where it clearly and definitely appears from the opening statement that the plaintiff cannot recover or that the defendant has no defense. Such action by the Court is an extreme measure and should be exercised cautiously and only in a clear case. 88 C.J.S. Trial § 161b, 1. c. 318, Hays v. Missouri Pacific Railroad Co., supra.

■ The remarks of defendant's attorney in his opening statement are not clear-cut admissions of all of the essential elements of plaintiff's case leaving defendant without a defense. Defendant's counsel denied that the dog was vicious. The reference to the incident involving the dog jumping on Susie does not constitute an

unequivocal admission of the ultimate fact that the dog had vicious propensities. This is nothing more than a statement of what defendant's evidence would show, aimed at contradicting the anticipated evidence of plaintiff showing an attack on Susie by the dog. We therefore conclude that the trial court ruled correctly in overruling plaintiff's Motion for a Directed Verdict at the close of defendant's opening statement.

Plaintiff's next contention is that the trial court erred in overruling plaintiff's objection to defendant attorney's remarks in his opening statement that defendant was a widow with six children at the time of the incident here in question, and also in overruling an objection to the testimony of defendant that she had six children. Plaintiff argues that such remarks in the opening statement and testimony of defendant were irrelevant and were calculated to, and in fact did, create a feeling of sympathy for defendant.

■ Beginning with the case of Dayharsh v. Hannibal & St. Joseph Railway Co., 103 Mo. 570, 15 S.W. 554, 23 Am.St. Rep. 900, it has been generally held that in a damage suit for personal injuries it is improper to inquire of a plaintiff relating to the number of people comprising his family and to his marital status; the reason behind this rule being that ordinarily such evidence is irrelevant and would only serve to appeal to the sympathy of the jury and thereby enhance the assessment of damages. See 10 Mo.Digest, Damages ☞170. Although the reported cases in Missouri have applied this general rule only where a plaintiff has offered evidence as to family status, it would appear that the rule should apply with equal force where a defendant offers evidence of family status and the number of people comprising his family when such evidence is irrelevant. The general rule declaring evidence of family status or number of people in a family inadmissible does not apply where such evidence is relevant or pertinent to any of the issues raised in the case. Kingsley v.

Kansas City, 166 Mo.App. 544, 549, 148 S. W. 170, 1. c. 171. Such evidence, even though inadmissible, does not always constitute reversible error where it appears that such evidence has not affected the merits of the action. Daniels v. Banning, Mo.Sup., 329 S.W.2d 647, 1. c. 653.

■ The reference in defendant counsel's opening statement that defendant was a widow with six children at the time of the incident in question, when considered separate and apart from all the evidence and circumstances presented to the jury in this case, would at first blush appear to be improper. However, when considered against the background of all the evidence in the case relating to defendant's marital status and the size of her family, much of the evil complained of by plaintiff, to-wit: the appeal to the sympathy of the jury, disappears. Plaintiff presented evidence that defendant had been married to plaintiff's uncle, but did not show that the marriage was terminated by death, thus leaving an unfavorable inference that the marriage could have terminated at the fault of defendant. In addition, the defendant testified (without objection by plaintiff) that she had remarried about one month prior to the date of trial. In the light of this evidence, the disclosure that defendant was a widow in the opening statement does not constitute error which affected the merits of this action, such as would require a reversal of the judgment. Daniels v. Banning, supra; Baker v. Thompson-Hayward Chemical Co., Mo.App., 316 S.W.2d 652.

■ The reference in defendant counsel's opening statement and defendant's evidence that defendant had six children was relevant for the purpose of showing who was present in defendant's home at the time plaintiff was injured and in detailing the circumstances surrounding the incident. In addition, the circumstance of the keeping of a dog for a considerable time in a home where six children lived was relevant to the issue of whether the dog had vicious propensities which were known to defendant.

We therefore conclude that reference in the opening statement and in defendant's evidence as to the size of defendant's family was admissible under the circumstances shown in this case.

■■■■ Plaintiff also contends that the trial court erred in allowing defendant to put on testimony as to the peaceable character of the dog for the reason that such evidence was irrelevant and immaterial to any issue in the case. Plaintiff concedes that no objection was made at the trial to the admission of this evidence, but argues that it is a material point which greatly affects the merits of the case and urges that this court review this allegation of error under the provisions of Supreme Court Rule 79.04, V.A.M.R. It is well settled that objections to evidence not presented to or ruled upon by the trial court are not open to review by an appellate court. Supreme Court Rule 83.13(a); Pierce v. New York Central Railway Co., Mo.Sup., 257 S.W.2d 84, 1. c. 88(5). It has also been stated that Supreme Court Rule 79.04 is not to be a refuge for those who fail to make proper objections at the trial. Critcher v. Rudy Fick, Inc., Mo.Sup., 315 S.W.2d 421, 1. c. 428(7). In addition to plaintiff's failure as a matter of procedure to preserve this point, it should be pointed out that defendant's evidence as to the dog's peaceable character was competent evidence. In a dog bite case, "the gist of the action is the keeping of a vicious dog after knowledge of his vicious propensities." Maxwell v. Fraze, Mo.App., 344 S.W.2d 262, 1. c. 264(2), and cases therein cited. Defendant in this case was entitled to show the peaceable disposition of the dog for the consideration of the jury in contesting the issue of whether the dog had vicious propensities. Carrow v. Haney et ux., 203 Mo.App. 485, 219 S.W. 710, 712.

Plaintiff levels a number of objections at Instruction No. 4 given by the court at the request of the defendant. Said instruction reads as follows:

"The Court instructs the jury that under the Law of the State of Missouri, the owner of a dog is not liable for injuries caused by such dog unless the dog has vicious propensities and the owner knows of such dangerous propensities or by the exercise of ordinary care could and should have known of such vicious propensities.

"Therefore, the Court instructs you that unless you find from the evidence that the defendant's dog, Pierre, possessed vicious propensities and unless you find that the defendant knew or in the exercise of ordinary care could and should have known of such vicious propensities of her dog, Pierre, then the Court instructs you that the defendant was not liable, and your verdict in this case must be in favor of the defendant and against the plaintiff."

Plaintiff contends the instruction was misleading and confusing to the jury as the terms "vicious propensities" and "dangerous propensities", having different meanings, were used interchangeably.

■■■ The terms "vicious propensities" and "dangerous propensities" have been used by the courts of Missouri for years in this type of case. Maxwell v. Fraze, supra; State ex rel. Kroger Co. v. Craig, Mo.App., 329 S.W.2d 804, 1. c. 808, 809; Merritt v. Matchett, 135 Mo.App. 176, 115 S.W. 1066, 1069; Clinkenbeard v. Reinert, 284 Mo. 569, 225 S.W. 667, 1. c. 670, 13 A.L.R. 485; Gallagher v. Kroger Grocery & Baking Co., Mo.App., 272 S.W. 1005, 1. c. 1006. These terms generally have been defined as the tendency of a dog to injure persons, whether the dog acted out of anger, viciousness, or playfulness. Dansker v. Gelb, Mo.Sup., 352 S.W.2d 12. The words "vicious" and "dangerous" as used in this instruction both generally connote a quality of the dog which could or would cause harm to a person. We do not believe that the use of both of the words in this instruction confused the jury.

■■■ Plaintiff also claims this instruction is erroneous because it is not sup-

ported by defendant's evidence. Plaintiff argues that defendant's evidence showed that defendant knew of the prior incident when the dog jumped on her own daughter, and therefore there was no evidence in the case that defendant did not know of the propensity of the dog to attack. This contention is not well taken. It is well established that when a defendant submits a true converse instruction, it is not necessary for the defendant to support the instruction by evidence. This rule was well stated in the recent case of Sutton v. Fox Missouri Theatre Co., Mo.Sup., 356 S.W.2d 41, l. c. 49, as follows:

"Concededly, when the defendant submits a true converse instruction, i. e., to the effect that unless the jury finds in favor of plaintiff each and every (or one or more) of the facts essential to his case, the verdict must be for defendant, it is not necessary that defendant support the instruction by evidence tending to disprove those facts. This, for the reason that the burden rests upon plaintiffs to prove every fact essential to his case before he is entitled to recover."

The instruction in this case was a true converse of two of the essential facts of plaintiff's case, i. e., the dog had vicious propensities and that defendant had knowledge thereof.

■ Plaintiff further argues that the instruction undertook to cover the whole case and direct a verdict for defendant without hypothesizing all of the facts necessary for a recovery. Plaintiff's complaint is that the Instruction No. 4 excluded the fact that defendant admitted knowledge of a prior incident when the dog jumped on her own daughter plus the additional fact that defendant allowed plaintiff to be with the dog and failed to warn plaintiff of the dog. This is a converse instruction and as such defendant may submit either a converse of each and every essential fact of plaintiff's right to recover, or a converse of one or

more of such essential elements. Sutton v. Fox Missouri Theatre Co., supra. Defendant was not required to submit a converse of all the necessary facts to plaintiff's case. The cases cited by plaintiff are not in point in considering the essential requirements of a converse instruction.

■ Plaintiff's last point with respect to Instruction No. 4 is that it required the jury to find facts which had been conceded both by counsel for defendant in the opening statement and by defendant's own testimony, to-wit: a prior attack establishing a vicious propensity of the dog which was known by defendant. Plaintiff contends that it was error to require the jury to make a finding on the issue of knowledge of the defendant when such fact was admitted by defendant. The record does not disclose any admissions on defendant's behalf of the ultimate facts to be determined by the jury, to-wit: the vicious or dangerous propensities of defendant's dog and the defendant's knowledge thereof. The incident of defendant's daughter Susan stumbling over the dog resulting in the dog jumping up on her, was only evidence from which the jury could determine the ultimate fact of whether or not the dog had vicious propensities and that the defendant had knowledge thereof. It should also be noted that defendant's evidence of the incident raises an issue of fact as to whether the act of the dog was as a result of provocation caused by the defendant's daughter stumbling over the dog while chasing a ball. Provocation has a vital bearing on the question of whether an animal has vicious propensities as will be demonstrated in considering the plaintiff's final contention of error.

Plaintiff's last assignment of error is directed at Instruction No. 5 given by the Court at defendant's request, which reads as follows:

"The Court instructs the jury that what is meant by the term 'vicious propensity' in an animal is such a propensity that the dog might attack or

injure the safety of persons without being provoked so to do."

 Plaintiff asserts that this instruction does not correctly define the term "vicious propensities", as it limits its application only to those situations where the attack by the animal was unprovoked. To this contention we cannot agree. "The mere fact that a dog has previously bitten some one does not necessarily mean that it is of a vicious character, as sudden pain or fright sometimes causes a dog to snap involuntarily. So evidence that vicious acts were done under provocation is not sufficient to establish a vicious disposition which would make the owner liable." 3 C.J.S. Animals § 176 c, 1. c. 1280. In Merritt v. Matchett, supra, the court, in approving an instruction identical to Instruction No. 5, said, "A 'vicious propensity' is not confined to a disposition on the part of the dog to attack every person he might meet, but includes as well a natural fierceness or disposition to mischief as might occasionally lead him to attack human beings without provocation."

Plaintiff also argues that Instruction No. 5 is inconsistent and in conflict with Instruction No. 6 offered by plaintiff and given by the Court. Instruction No. 6 reads as follows:

"The Court instructs the jury that by the term 'vicious dog' is not meant a mad dog but rather a dog that has a tendency to bite, whether in play or in anger."

The gist of Instruction No. 6 was that viciousness was a tendency of dog to injure a person, whether motivated by anger or playfulness. Instruction No. 5 does nothing more than inform the jury that the tendency of the dog to injure a person must be without provocation. Provocation or the lack of it if raised by the evidence, as it was in this case, is a proper consideration in determining the issue as to whether a dog has vicious pro-

pensities. Merritt v. Matchett, supra. The instructions were not in conflict.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by SEMPLE, Special Commissioner, is adopted as the opinion of the Court.

The judgment of the circuit court is accordingly affirmed.

ANDERSON, P. J., WOLFE, J., and JAMES D. CLEMENS, Special Judge, concur.