George **HOLLOCHER**, Plaintiff-Appellant,

v.

James **TAYLOR**, Defendant-Respondent.

No. 35339.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Feb. 13, 1974.

James F. Koester, St. Louis, for plaintiff-appellant.

Whalen, O'Connor, Collins & Danis, David O. Danis, St. Louis, for defendant-respondent.

McMILLIAN, Judge.

This is an appeal by plaintiff, George W. Hollocher, from a judgment entered by the Circuit Court of the City of St. Louis upon a jury verdict in favor of defendant, James Taylor.

Plaintiff claims that the court erred in (1) permitting into evidence the fact that defendant was married and had children; and (2) overruling plaintiff's motion for a new trial because there was no evidence to support the jury verdict. We find support for neither claim of error, and, therefore, affirm the judgment of the trial court.

The controversy arose from an intersectional automobile collision at Cleveland and Thurman Avenues in the City of St. Louis on November 16, 1971. Plaintiff claimed that as a result of the collision he sustained a whiplash injury. The nature of the errors charged makes it unnecessary to give a long narrative of the evidence, but evidence as needed will be given during the course of the opinion.

■ In plaintiff's case in chief, plaintiff, without objection, introduced into evidence through his doctor's report the fact that plaintiff had four children. On direct examination of defendant, defendant, over objection, put into evidence the fact that he was married and had children. Plaintiff argues that evidence to marital status and children is improper and highly prejudicial. Dayharsh v. Hannibal & St. Joseph R. Co., 103 Mo. 570, 15 S.W. 554 (1891); Bush v. Anderson, 360 S.W.2d 251, 255 (Mo.App.1962) (Rule would apply with equal force to a defendant who offers tes timony of family status.)

■ We have no quarrel with the rule set forth in either the *Dayharsh* or the *Anderson* case; however, such a concession does not end our inquiry, because defend-

ant readily admits that evidence of family status generally is irrelevant. But counters plaintiff's argument with the rule set forth in Biener v. St. Louis Public Service, 160 S.W.2d 780 (Mo.App.1942), where a plaintiff first introduced, without objection, evidence of family status. In that case we said, ". . . where so-called collateral matters are once permitted, and where a subject is once gone into, without objection when first offered . . . even though the relevancy may be slight, if by limiting full inquiry an unfair advantage would accrue to one of the parties, the trial court should not be convicted of abuse of discretion by allowing full scope to the inquiry, unless to do so would so confuse the jury . . ." Judge Anderson, speaking for the court, also said, ". . . In such a situation we look with narrowing eyes upon defendant's objection, since plaintiff's evidence was offered to remove the damaging inference (defendant) thus created, and we invoke against defendant the doctrine of curative admissibility . . ." id. at 786. Thus our Missouri courts have adopted the Massachusetts rule, see opinion of Bigelow, C. J., Mowry v. Smith, 9 Allen 67 (Mass.1864); that is, where an opposing party did not or could not object to the introduction of improper evidence, the opponent may reply with similar evidence whenever it is needed to remove unfair prejudice which might have otherwise ensued from the original evidence. So, since each party is alike in the condition of "volenti non fit injuria" neither can complain. See also Jones v. Werthan Bag Co., 254 S.W. 4 (Mo.1923); Rainier v. Quincy, O. and K. C. R. Co., 271 S.W. 500 (Mo.1925).

Besides our courts have also held that evidence of the sort involved herein does not mean an automatic reversal even in the absence of the curative admissibility rule. ". . . Such evidence, even though inadmissible, does not always constitute reversible error where it appears that such evidence has not affected the merits of the action . . ." Bush v. Anderson, su-

pra; accord Daniels v. Banning, 329 S.W. 2d 647, 653 (Mo.1959). Consequently, we hold that since the most obvious way to undo possible favoritism created for plaintiff in the first instance was to introduce evidence of defendant's marital status; i. e., each tends to cancel out the other. Therefore, we find no merit in this claim of error.

■ Turning next, we consider plaintiff's challenge of the jury verdict as being unsupported by evidence. If . plaintiff means by his contention that judgment should have been entered for him as a matter of law, his point has not been preserved for review because he did not make a motion for a directed verdict at the close of the evidence. Therefore, we cannot convict the trial court of error for failing to take action which was never requested. Parsons Construction Co. v. Missouri Public Service Co., 425 S.W.2d 166, 171 (Mo. 1968). As we read Stanziale v. Musick, 370 S.W.2d 261, 266 (Mo.1963), interpreting Rule 83.13(a), V.A.M.R., plaintiff has failed to preserve this contention for appellate review.

■ Notwithstanding plaintiff's failure to properly preserve his point for appellate review since plaintiff has the burden of proof, it is not necessary to have substantial evidence, or any evidence at all to support a defendant's verdict, since the credibility of plaintiff's witnesses and the weight to be given their testimony and that of plaintiff is for the jury to decide. Price v. Bangert Bros Road Builders, Inc., 490 S.W.2d 53, 58 (Mo.1973); Edens v. Myers, 365 S.W.2d 559, 561 (Mo.1963). Therefore, we find no merit to this claim of error.

Accordingly, finding no errors of fact or law on the record, the judgment is affirmed.

SMITH, P. J., and CLEMENS, J., concur.