**Elcille BROWN, Plaintiff/Respondent,**

**v.**

**Robert P. POETZ, D.O.,
Defendant/Appellant.**

No. ED 87139.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 12, 2006.

Philip L. Willman, Robin G. Fox and Brian D. Winer, St. Louis, MO, for appellant.

James P. Leonard, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Robert Poetz, D.O. ("Dr. Poetz") appeals the trial court's grant of the motion of Elcille Brown ("plaintiff") for a new trial, following a jury verdict in Dr. Poetz's favor. Poetz claims the trial court erred in granting plaintiff a new trial on the basis of the admission of testimony concerning Dr. Poetz's family status. We reverse and remand for reinstatement of the jury verdict.

Dr. Poetz provided medical care for plaintiff's daughter ("decedent") in 1999. She died in September 1999, and plaintiff ultimately filed a wrongful death cause of action on behalf of herself and decedent's two minor children. Plaintiff alleged that Dr. Poetz was negligent in failing to diagnose and treat decedent's tuberculosis, and he was negligent in failing to notify decedent of the fact that she had tuberculosis. The cause was tried before a jury. After a nine-day trial at which a significant amount of medical testimony was introduced, the jury returned a verdict in favor of Dr. Poetz. Plaintiff filed a motion for new trial. The trial court found that "the verdict was not against the manifest weight of the evidence so as to warrant a new trial," and denied fifteen of plaintiff's sixteen claims. The court nevertheless granted a new trial on the basis of plaintiff's claim that the court improperly admitted evidence of Dr. Poetz's family status. Dr. Poetz now appeals.

Both of Dr. Poetz's points relied on assert error in the trial court's decision to grant plaintiff's motion for new trial based upon the admission of evidence of Dr. Poetz's family status. At trial, the following testimony was elicited during direct examination of Dr. Poetz:

Q.: Do you have children?

A.: I have children. I have eight children.

Q.: Are some of those adopted children?

COUNSEL FOR PLAINTIFF: That's not relevant to anything in this case. His family or children has nothing to do with this.

COURT: Overruled. Doctor, I'll ask you to use that microphone if you would, please.

A.: My wife and I had two natural children when I was in college and medical school. Following that we subsequently adopted three additional children during the next six years. That made five. We have adopted three grandchildren, two of which whose mother had died when they were infants, and so I understand the things that [plaintiff] is going through, and another child, another grandchild we have adopted. So we have a total of eight children. We still have three of those children. We still have three of those children at home and one is eleven and the other two are late teenagers.

 Pursuant to Missouri Supreme Court Rule 78.01, the trial court "may grant a new trial of any issue upon good cause shown." Where the trial court grants a motion for new trial, we will not reverse the trial court's ruling unless there has been a clear abuse of discretion. *Guzman v. Hanson*, 988 S.W.2d 550, 554 (Mo. App.1999) (citations omitted). The trial court abuses its discretion when the ruling is so clearly against the logic of the circumstances that it shocks the sense of justice. *Id.* If reasonable people differ

regarding the propriety of the trial court's actions, it cannot be considered an abuse of discretion. *Id.* " 'While appellate courts are more liberal in upholding the grant of a new trial than in denying it, the error complained of still must be prejudicial to the party seeking the new trial.' " *Id.;* (*quoting Giddens v. Kansas City Southern Ry. Co.,* 937 S.W.2d 300, 303 (Mo.App. 1996)).

In his first point on appeal, Dr. Poetz claims that the court erred because no prejudice resulted from the admission of the testimony. Specifically, Dr. Poetz argues that the reference to his family status was a singular, brief reference in the context of significant testimony over the course of a nine-day trial.

■ In its order granting the motion for new trial, the trial court noted that the general rule is that in an action for personal injury, evidence of a party's family status is inadmissible as irrelevant. *Williams v. McCoy,* 854 S.W.2d 545, 557 (Mo.App.1993); (citing *Lewis v. Hubert,* 532 S.W.2d 860, 868 (Mo.App.1975); *see also Donze v. Swofford,* 368 S.W.2d 917, 921 (Mo.App.1963)). Such evidence is generally calculated to appeal to the sympathy of the jury. *Id.* However, even though such evidence is inadmissible, it does not always constitute reversible error. *Bush v. Anderson,* 360 S.W.2d 251, 255 (Mo.App. 1962) (citation omitted). The admission of such evidence will only be considered reversible error where it appears that such evidence affected the merits of the case. *Id.*

In granting plaintiff's motion for new trial, the trial court did state that it "cannot find that Defendant Poetz's statements regarding his family status and his empathy with decedent's mother did not affect the merits of the case, because it evoked the sympathy of the jury." However, in light of the substantial medical testimony presented over the course of the nine-day trial, we believe the court abused its discretion in reaching this conclusion.

As previously noted, on direct examination, Dr. Poetz testified that he had several children, some of whom were his adopted grandchildren. However, this was the only reference in his testimony, which spanned more than 200 pages in the transcript. This was also the only reference throughout the entire trial, which lasted nine days.

During trial, significant medical testimony was presented. Decedent had a history of medical issues, beginning with her diagnosis of scleroderma, a disorder affecting the connective tissues of the skin and which ultimately can involve the organs and lungs. Dr. Poetz treated decedent while she suffered from this disease and its complications. Ultimately, decedent developed pneumonia, and subsequently tuberculosis. The failure to diagnose and treat decedent's tuberculosis was the subject of the suit.

Plaintiff called four expert physicians to testify regarding standard of care, causation, and damages. Each of plaintiff's experts provided significant medical testimony regarding what they believed were Dr. Poetz's deviations from the standard of care in his diagnosis and treatment of decedent. Plaintiff also read portions of depositions of other physicians and witnesses at trial [1]. Dr. Poetz provided testimony of several expert physicians of his own regarding standard of care, causation, and damages. Testimony was presented from specialists in infectious disease, internal medicine, rheumatology, and pulmonology. Each of these experts stated that Dr. Poetz's care and treatment of decedent

1. We have not been provided with the portions of deposition read at trial.

met the standard of care. Dr. Poetz himself testified regarding the medical treatment he provided to decedent, as did plaintiff. Testimony was also presented from one of decedent's treating physicians.

Dr. Poetz provided significant evidence that decedent repeatedly failed to comply with his recommendations concerning his care and treatment of decedent. According to Dr. Poetz, during one hospitalization for pneumonia, he recommended that decedent see a pulmonary specialist, an infectious disease specialist, and have a bronchoscopy to evaluate the condition of her lungs. Dr. Poetz testified that decedent refused to do any of these things. Decedent's mother, plaintiff, acknowledged she had discussed the test with decedent and tried to convince her to do it, but decedent refused. Plaintiff's experts acknowledged if decedent had undergone the test recommended by Dr. Poetz, the diagnosis of tuberculosis would have been made.

Our court considered a similar issue in *Carthen v. Jewish Hospital of St. Louis,* 694 S.W.2d 787 (Mo.App.1985). In *Carthen,* testimony and comments relating to the dependent children of the plaintiff were allowed at trial, over objection of defendant's counsel. The jury returned a verdict in favor of the plaintiff, and the defendant appealed, arguing that the admission of the testimony and comments was prejudicial. *Id.* at 795. The court in *Carthen* noted that while generally, inquiry of a plaintiff relating to his or her family status is improper, the single reference in this case, without any emphasis, during the testimony of an economist, could not be considered to affect the outcome of the case. *Id.* at 795, 796.

■ While the present case concerns the admission of evidence of a defendant's family status, the rationale from *Carthen* is equally applicable. Here, as previously noted, the reference was singular and

brief. Plaintiff attempts to argue that the reference in Dr. Poetz's testimony goes "far beyond" the introduction of evidence of his family status because he testified regarding that he "understood" what plaintiff was going through. However, this argument still fails to consider the limited nature of Dr. Poetz's testimony. No further mention of defendant's family status was made, nor was any further reference to his level of "understanding" plaintiff's circumstances made. In light of the significant medical testimony presented, the length of the trial, decedent's failure to comply with the recommendations of Dr. Poetz, and the evidence that Dr. Poetz met the standard of care, we cannot conclude that the brief references at the beginning of direct examination of Dr. Poetz to his family status and his empathy for plaintiff affected the merits of the case. As a result, we believe the trial court abused its discretion in granting plaintiff's motion for new trial.

In his second point on appeal, Dr. Poetz argues that regardless of any potential prejudice, the evidence was admissible under the doctrine of curative admissibility because plaintiff testified as to her family status and any testimony in that regard presented by Dr. Poetz was admissible to cure the prejudice resulting from plaintiff's testimony. Although our conclusion regarding Dr. Poetz's first point on appeal is dispositive, we briefly address his contention in point two.

During the trial, plaintiff presented a significant amount of testimony regarding her own family status. She testified that she was a widow, and she had four children. Plaintiff discussed where her children lived and what they did for a living. She also discussed her grandchildren. Counsel for Dr. Poetz did not object to this testimony.

■ Missouri has adopted the rule of curative admissibility. This doctrine states that where an opposing party does not object to the introduction of improper evidence, the opposing party may introduce similar evidence to remove any unfair prejudice which may result from the original evidence. *Hollocher v. Taylor*, 506 S.W.2d 105, 106 (Mo.App.1974) (citations omitted). The court in *Hollocher* was faced with a situation similar to that in the present case. During the plaintiff's case in chief, evidence was presented, without objection, that the plaintiff had four children. During direct examination of the defendant, he testified, over objection, that he was married and had children. The jury reached a verdict in favor of the defendant, and on appeal, the plaintiff claimed that the evidence of the defendant's marital status and children was "improper and highly prejudicial." *Id.*; (citing *Dayharsh v. Hannibal & St. Joseph R. Co.*, 103 Mo. 570, 15 S.W. 554 (1891)); *Bush*, 360 S.W.2d at 255. The court of appeals found that the plaintiff's claim of error was without merit because "the most obvious way to undo possible favoritism created for plaintiff in the first instance was to introduce evidence of defendant's marital status; i.e., each tends to cancel out the other." *Id.* at 107.

■ Similarly, here, plaintiff was allowed to introduce evidence regarding her marital status, her children, and her grandchildren. Plaintiff argues that portions of her testimony in this respect were admissible because the living condition of the grandchildren was relevant regarding the pecuniary value of their loss. While she acknowledges the fact that her testimony also included irrelevant evidence of her own children and additional grandchildren, as well her status as a widow, she claims this testimony was "incidental." As noted, plaintiff testified that she was a widow, and she was allowed to testify regarding her children and grandchildren. Dr. Poetz testified that he was married, had children, and also discussed his grandchildren. As in *Hollocher*, this effectively cancelled out plaintiff's improper testimony of family status.

■ In her brief, plaintiff raises an alternative argument to support the trial court's grant of a motion for new trial. We may consider other grounds raised in the motion for new trial to support the grant of a new trial. *Steele v. Evenflo Co., Inc.*, 147 S.W.3d 781, 792 (Mo.App.2004) (citation omitted). In order to prevail, the party must show that one of the other grounds asserted in their motion for new trial supports the grant of a new trial. *Id.*; (citing *In re Care of Coffman v. State of Missouri*, 92 S.W.3d 245, 251 (Mo.App. 2002)).

Here, plaintiff claims that a new trial was warranted based upon the trial court's refusal to submit two instructions submitted by plaintiff. These verdict directing instructions, Instructions A and B, concerned allegations of negligence based upon a hospitalization in May 1999, and an office visit in July 1999[2]. Each instruction included a paragraph alleging that Dr. Poetz "[f]ailed to report his suspicion that [decedent] had tuberculosis to the hospital and the Saint Louis County Health Department...." In her motion for new trial,

---

2. Dr. Poetz filed a motion to strike the appendix to plaintiff's brief because the proposed instructions were contained therein, but were not contained in the legal file as requires by Local Rule 365. In response, plaintiff filed a motion to amend her brief to include the correct text of the proposed instructions, and she filed a motion for leave to file a supplemental legal file out of time. Plaintiff's motions are granted. Dr. Poetz's motion to strike plaintiff's appendix is denied as moot.

and in her brief, plaintiff claims that these instructions were supported by the evidence, and therefore, the trial court abused its discretion in refusing to submit them. As a result, the court should have granted a motion for new trial based upon this abuse of discretion. We disagree.

The purpose of a verdict directing instruction is to hypothesize propositions of fact for the jury to accept or reject. *Ostrander v. O'Banion*, 152 S.W.3d 333, 336 (Mo.App.2004); (citing *Lasky v. Union Elec. Co.*, 936 S.W.2d 797, 800 (Mo. banc 1997)). The instruction must not assume disputed facts. *Id.* (citations omitted).

At trial, plaintiff's infectious disease expert did testify that in his opinion, Dr. Poetz deviated from the standard of care in failing to suspect tuberculosis and report his suspicion to the hospital and to the appropriate public health authorities on each of those occasions. Plaintiff also points to testimony from the director of the communicable disease control and emergency preparedness department of the St. Louis County Health Department. He discussed the procedure used to encourage treatment once a report of tuberculosis is made. He stated that this would include a visit to the patient to discuss his or her condition, and it would also include an explanation to the patient regarding why testing and treatment were important. However, the testimony of both of these witnesses is based upon the assumption that Dr. Poetz suspected that decedent was suffering from tuberculosis.

At trial, Dr. Poetz stated that he did have a low level of suspicion that decedent suffered from tuberculosis during her May 1999 hospital admission. However, Dr. Poetz testified that he subsequently concluded decedent did not have active tuberculosis based upon her clinical presentation and her response to treatment. With regard to the July 1999 office visit, Dr. Poetz again testified that decedent did not have any signs or symptoms of active tuberculosis, and she did not have any clinical indicators of the disease.

The language of the proposed instructions included a submission regarding the failure of Dr. Poetz to report "his suspicion that [decedent] had tuberculosis to the St. Louis County Health Department...." This language improperly assumes the disputed fact of whether or not Dr. Poetz had such a suspicion on the dates in question. *Ostrander*, 152 S.W.3d at 335. As a result, we do not believe the trial court abused its discretion in denying plaintiff's motion for new trial on the grounds of the failure of the court to submit plaintiff's proposed verdict directing instructions.

The judgment of the trial court is reversed and remanded with instructions to reinstate the jury verdict.

MARY K. HOFF, and NANNETTE A. BAKER, JJ., concur.