**Michael PURK, Appellant,**

v.

**Linda PURK, Respondent.**

**No. 58361.**

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 1, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 1991.

Charles P. Todt, John Bleckman, Clayton, for appellant.

Alice C. Kramer, Hillsboro, for respondent.

CARL R. GAERTNER, Judge.

In this appeal from a decree of dissolution of marriage, husband asserts three points of alleged trial court error. First, he argues the court erred in ordering him to indemnify his wife for any sums he might recover against her in a pending suit for abuse of process. Second, he contends the court erred in failing to consider a thirteen percent reduction in his income occurring after the case was heard and submitted. The issue was first raised on motion for new trial. Finally, he argues the court erred in awarding primary physical custody of the parties' two minor children to wife. We affirm the judgment as modified.

Michael Purk and Linda Purk married in August of 1981. At the time of their marriage Linda Purk had two sons from previous relationships. The Purk's had two sons during their marriage: Logan, born October 24, 1983, and Dane, born October 31, 1984. On November 12, 1987, husband filed his original petition for dissolution. He sought joint legal custody of the minor children with their primary physical custody to be placed with him and an equitable division of marital property. On November 25, 1987, wife responded by filing her answer to the petition together with a cross-petition in which she sought physical and legal custody of the children, maintenance, child support, and attorney's fees.

After several amended petitions and cross-petitions and after several motions and cross-motions, the cause came up for hearing on February 2, and February 6, 1990. The court entered its Decree of Dissolution on March 19, 1990. In its decree the court awarded joint legal custody of the parties' two children and placed primary physical custody with wife. Further, the court ordered husband to pay to wife the sum of ninety-five dollars ($95) per week per child for child support and further allocated specific items of marital property (and debt) as it deemed just and reasonable.

On April 2, 1990, father filed a motion for a new trial in which he asserted, among other things, the trial court erred:

1) in granting physical custody of the minor children to wife claiming the court failed to consider the evidence, namely the testimony of wife and himself properly; 2) in basing its award of child support upon a gross monthly income which has been reduced since trial; and 3) in failing to consider evidence of this impending decline in income and his prospects of future employment with his then current employer. Along with the motion for a new trial, pursuant to Rule 73.01, husband filed a motion to amend the judgment. He noted certain omissions by the dissolution court and asked the court to amend its judgment accordingly. These motions were called and heard on April 25, 1990. The motion for a new trial was denied and the motion to amend the judgment was sustained in part: wife was ordered to pay four hundred thirty-one dollars ($431) and husband was ordered to pay two hundred dollars ($200) of the parties' monthly house payment. The remainder of the motion was overruled. This appeal followed.

Our review of the decree of the trial court is governed by the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's decree will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law or it erroneously applies the law. *Id.* Further, we exercise the power to set aside a decree or judgment on the ground that it is "against the weight of the evidence" only with caution and with a firm belief that the decree

or judgment is wrong. *Id; See also Goller v. Goller,* 758 S.W.2d 505 (Mo.App.1988).

■ For his first point on appeal husband claims:

> The trial court erred in ordering [husband] to hold harmless and indemnify wife for any judgement he might receive against her in a pending abuse of process claim as said order is contrary to the law or misapplies the law in that no immunity exists between spouses for intentional torts; wife's liability to husband was for her separate debt and could not be allocated to husband, and said order deprives husband of due process as the court did not purport to render a decision based on the legal or factual merits of the claim.

The portion of the Decree of Dissolution that husband is challenging in Point I reads:

> 23. Petitioner is awarded his suit against Respondent, however, said suit is inimical to the ongoing necessary relationship that must be maintained because of the children and could be destructive of the joint custody provision therein. Therefore, Petitioner must save Respondent harmless from any liability resulting from such suit or any litigation arising out of the subject matter of that suit and if reduced to judgment, Petitioner shall pay said judgment or cause satisfaction of judgment to be entered.

Some additional background facts are necessary to understand father's first point on appeal.

During the pendency of the dissolution proceedings, wife had obtained an "exparte order of protection". The ex-parte order was dismissed when wife failed to appear at a hearing. Husband alleges that the day after this dismissal wife caused him to be arrested by informing the sheriff that the order was still in full force and effect although she knew it had been dismissed. These allegations are contained in an action seeking actual and punitive damages for abuse of process filed by husband against wife which was pending at the time of the dissolution hearings. The court awarded the law suit to husband but entered the above quoted Paragraph 23 requiring indemnification. In ordering husband to hold wife harmless and to pay or satisfy any judgment against her, the trial court erred.

■ Non-contractual indemnity is a right which allows one who without any fault on his or her part is exposed to liability because of the wrong-doing of another to recover from the wrong-doer what he or she has been compelled to pay. *Campbell v. Preston,* 379 S.W.2d 557, 559 (Mo.1964). Conversely, no right of indemnity is permitted if the indemnitee is directly at fault. *Id.* at 560. Indeed, to allow a wrong-doer to evade the consequences of his or her personal intentionally tortious misconduct by means of contractual indemnity has been declared violative of public policy. *Crull v. Gleb,* 382 S.W.2d 17, 23 (Mo.App. 1964).

We commend the trial court's concern over the "inimical" effect the abuse of process litigation might have upon the continued relationship of the parties in carrying out the joint custody provision of the decree. However, we are also cognizant of the fact that our Supreme Court, in abolishing the long-standing doctrine of inter-spousal immunity for intentional torts also abandoned the traditional policy concept that the harmful effect of inter-spousal litigation upon the family relationship justified its prohibition. "[W]e no longer indulge the notion that this doctrine is needed to preserve the sanctity of the home." *Townsend v. Townsend,* 708 S.W.2d 646, 650 (Mo. banc 1986). Similarly, in *S.A.V. v. K.G.V.,* 708 S.W.2d 651, 652 (Mo. banc 1986), the Supreme Court paid no heed to the argument that abolition of inter-spousal immunity in simple negligence cases would "disrupt family harmony." These policy-establishing decisions of our Supreme Court severely undercut the trial court's concern over the possible effect of the litigation upon the joint custody arrangement.

We also find merit in husband's argument that the order for indemnification constitutes a denial of due process of law. The effect of the order is to render the abuse of process suit worthless with no

hearing upon the merits of the action. Husband was thereby effectively deprived of property without due process of law.

Accordingly, that portion of the decree of dissolution which requires husband to hold wife harmless from any liability resulting from his suit against her and to pay or satisfy any judgment rendered against her in that action cannot be upheld.

The remaining points asserted by husband relate to matters within the discretion of the trial court. We have examined the record, and we find no abuse of discretion. In the event developments subsequent to the trial of this case have resulted in a substantial change of condition, the appropriate remedy is not a new trial but a motion to modify. Further discussion of the remaining points asserted by husband would have no precedential value. Rule 84.16(b).

The judgment of the trial court is affirmed in all respects except that Paragraph 23 of the Decree of Dissolution is ordered modified by striking therefrom everything following the words "petitioner is awarded his suit against respondent."

SMITH, P.J., and SATZ, J., concur.