In re the MARRIAGE OF Marla
Raye BURTON and Danny
Keith Burton.

Marla Raye Burton, Petitioner–
Respondent,

and

Danny Keith Burton, Respondent–
Appellant.

No. 22091.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 28, 1998.

James R. Sharp, Wear & Sharp, Springfield, for Appellant.

Lisa A. Ghan, Thomas M. Benson, Lowther, Johnson, Joyner, Lowther, Cully, & Housley, L.L.C., Springfield, for Respondent.

PREWITT, Presiding Judge.

The marriage of the parties was dissolved by judgment filed January 9, 1998. Appellant contends that the trial court erred in finding certain real property to be marital, in its valuation of that real property, in finding that a "P.C. Financial Network account" was marital property, and in denying his motion to reopen following submission in the trial court and before judgment.

■ Review is under Rule 73.01(c). For an interpretation of that rule, see *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo. App.1990). "Due regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." Rule 73.01(c)(2). When evidence conflicts, the trial court has discretion to determine credibility and may accept or reject all, part or none of the testimony. *Guier v. Guier*, 918 S.W.2d 940, 946 (Mo.App.1996). In dividing property, the trial court is free to accept or reject the testimony of the parties, even testimony which is uncontradicted. *Stratman v. Stratman*, 948 S.W.2d 230, 237 (Mo.App. 1997).

■ Appellant's Points I and III both contend the trial court erred in finding assets to be marital property. Point I asserts that the trial court erred in finding certain real property to be marital because Appellant acquired his interest by gift from his cousin. Point III asserts error because a "P.C. Financial Network account" was found to be marital when "the uncontroverted evidence at trial was that said account was entirely comprised of the funds of husband's father, Clinton Burton, and that husband's name was added to said account solely as a convenience to allow husband to manage his parent's funds." Both of these points turn on whether the trial court believed Appellant's evidence.

■ Property acquired subsequent to a marriage is presumed to be marital property. Section 452.330.3, RSMo Supp.1997. Appellant, as the party attacking this presumption, has the burden of rebutting it "by clear and convincing evidence." *Summerville v. Summerville*, 869 S.W.2d 79, 85 (Mo.App.1993). It appears the trial court did not believe Appellant's evidence regarding either asset, and, deferring to the trial court under our limited review, we find no error. Points I and III are denied.

■ For his second point, Appellant contends the trial court erred in valuing the real property complained about in Point I at $75,-000.00, and his one-half interest at $37,-500.00, because the valuation did not take into account a debt to his cousin's father used to purchase the property and ignores evidence that the property was subject to an option contract for $60,000.00. There was no evidence that there was any encumbrance on the property, and the trial court did not have to believe the testimony as to the source of the funds used to purchase the real estate. The asserted "option contract" is not before us, and apparently was not admitted in evidence at the trial court, but even if such exists, it would not necessarily reflect the present value of the property. Again, deferring to the trial court, we find no merit in Point II.

■ For his remaining point, Appellant asserts that the trial court erred in not reopening the matter after it was submitted, appointing a guardian ad litem and taking additional evidence as to custody of the parties' children, "because said decision was based upon a misstatement of law and an abuse of the trial court's discretion given the length of time between the time of the trial and the filing of the formal decree and the serious allegations raised in husband's motion to reopen the evidence".

■ Trial of the matter was concluded on September 10, 1997. On December 12, 1997, Appellant filed a motion to reopen the case. On January 9, 1998, the trial court denied the motion and entered the judgment of dissolution of marriage. The trial court has considerable discretion to allow a party to reopen the case, and we only reverse such decision "upon a clear showing of abuse of discretion." *Lavin v. Carroll*, 871 S.W.2d 465, 468 (Mo. App.1994).

Appellant contends he should have a right to reopen and present evidence regarding custody as the circumstances alleged occurred before the judgment and this might preclude him from presenting them in a motion to modify. We disagree that he might be so prevented. Whether or not it is dicta, we agree as a general rule with the statement in *Purk v. Purk*, 817 S.W.2d 915, 918 (Mo.App.1991): "In the event developments subsequent to the trial of this case have resulted in a substantial change of condition, the appropriate remedy is not a new trial but a *motion to modify.*" Section 452.410.1, RSMo 1994, provides for a modification "upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree." Although the facts here may have arisen prior to the decree, they were unknown to the court, as there was no evidence of them. Therefore, the right of modification is not prevented by the facts arising before the decree was entered.

Relevant to the issue of custody and the appointment of a guardian ad litem for the minor children, Appellant alleged in his motion to reopen the case and take additional evidence:

1. Respondent moves to reopen the above-captioned case in Part because subsequent to the last day of trial, the parties' minor child, Coy Burton, has been diagnosed as being significantly depressed. Although the school counselor has suggested that the minor child see a therapist to help him with his depression, Petitioner has refused to seek counseling on behalf of the minor child.

2. The minor child, inconsistent with his grade history, received mid-term grades of 1–F, 3–D's, 1–C+ and 1–B. Subsequent to the last day of trial the minor children has repeatedly indicated to both parents that he is unhappy at his school and wants to attend school in Hurley School District where he started. Further, subsequent to the last day of trial, both children have been exposed to traumatizing and neglectful behavior on the part of the Petitioner.

These general allegations convince us that there was no abuse of discretion in not reopening the case, and as the matter was not reopened, the appointment of a guardian ad litem would have been meaningless. Point IV is denied.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.